CROWN SHADE & SCREEN CO. *vs.* WALTER KARLBURG & another.

Norfolk. January 7, 1955. — February 8, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Sale,* Conditional sale.

G. L. (Ter. Ed.) c. 184, § 13, as appearing in St. 1937, c. 245, § 1, as amended by St. 1943, c. 52, § 1, does not apply to shades, screens, and combination storm and screen doors sold under a contract of conditional sale and thereafter installed in a house.

TORT. Writ in the District Court of East Norfolk dated August 21, 1952.

The action was heard by *Mulhall,* J.

*Henry Gesmer,* for the plaintiff.

No argument nor brief for the defendants.

WILKINS, J. An unpaid conditional vendor of certain shades, screens, and combination doors (outside storm and

screen doors), installed in a house in Braintree, brings this action for conversion against purchasers of these articles from the conditional vendee.   The case was heard on an "agreed statement of evidence" by the judge, who found for the defendants.   The Appellate Division dismissed a report, and the plaintiff appealed.

The conditional sale contract was not recorded in the registry of deeds for Norfolk County.   Both the judge and the Appellate Division thought that this omission was a violation of G. L. (Ter. Ed.) c. 184, § 13, as appearing in St. 1937, c. 245, § 1, as amended by St. 1943, c. 52, § 1, which reads in part: *"No conditional sale of heating apparatus, plumbing goods, ranges,* [1] buildings of wood or metal construction of the class commonly known as portable or sectional buildings, [2] elevator apparatus or machinery, [3] seats for theatres, halls, parks and places of public assembly, *or other* articles of[1] *personal property*, which are afterward wrought into or attached to real estate, whether they are fixtures at common law or not, shall be valid as against any mortgagee, purchaser or grantee of such real estate, unless not later than ten days after the delivery thereof of such personal property a notice such as is herein prescribed is recorded in the registry of deeds for the county or district where the real estate lies."

As first enacted, this statute covered the articles of personal property shown in the supplied italics.   St. 1912, c. 271.   In a case arising under the statute as it then stood, this court held that iron staircases were not within its scope. In *Babcock Davis Corp.* v. *Paine*, 240 Mass. 438, it was said, at pages 440–441: "As we construe the statute, it has no application to stairways or to other materials except those specially mentioned in the statute or such as are ejusdem generis. . . . By its terms the statute is limited to heating apparatus, plumbing goods, ranges, and the words 'other personal property' must be construed to mean, property of the same kind or of the same general description.   Its pur-

---

[1] The words "articles of" were added by G. L. c. 184, § 13.

pose was not to give the owner of all kinds of personal property delivered under such an agreement the right of removal. It was limited to personal property of the same character and description as the articles specially mentioned, for, if the general words 'or other personal property,' could be construed in an unrestricted sense embracing the various materials unfinished or manufactured which enter into the construction of a building, no enumeration would have been made of the particular articles.''

The Legislature must be presumed to have known of that decision. *Devney's Case,* 223 Mass. 270, 271. *Proprietors of the Cemetery of Mount Auburn* v. *Unemployment Compensation Commission,* 301 Mass. 211, 213. *Gar Wood Industries, Inc.* v. *Colonial Homes, Inc.* 305 Mass. 41, 47. The judge correctly ruled, as requested by the plaintiff, that shades, screens, and combination doors are not ejusdem generis with the classes of property described in the statute. Accordingly, unless the subsequent amendments, individually or collectively, have shown an intent to enlarge its sweep to include all articles of personal property, whatever their genus, the statute cannot apply here. Three amendments should be mentioned which respectively added the words immediately following the numbers [1], [2], and [3] inserted in the statute as quoted above. St. 1929, c. 261. St. 1937, c. 112. St. 1943, c. 52, § 1. We are unable to discover such an intent in the piecemeal addition of portable or sectional buildings, elevator apparatus, or seats for places of public assembly. If anything, the cumulative effect of these amendments is to reënforce the language quoted from the *Paine* case. See *Medford Trust Co.* v. *Priggen Steel Garage Co.* 273 Mass. 349, 353.

In *Gar Wood Industries, Inc.* v. *Colonial Homes, Inc.* 305 Mass. 41, regarded as decisive by the Appellate Division, the personal property was an air conditioning and heating system, which is "heating apparatus" or ejusdem generis. That case expressly recognized that some articles are not "within the class referred to in the statute" (page 47).

There, accordingly, was error in the denial of some of the

plaintiff's requests.   Without specifying them all, we mention those numbered 2, 5, and 16.[1]

The order of the Appellate Division is reversed, and the finding for the defendants is vacated.

*So ordered.*

---

[1] "(2) As a matter of law, § 13 of c. 184 of G. L. (Ter. Ed.), as amended, which in certain instances requires the recordings of conditional sales, applies only to materials specially mentioned therein or such as are ejusdem generis."

"(5) As a matter of law, the recording of a notice of the conditional sale of the shades, screens and doors referred to in plaintiff's declaration was not required by law and failure of the plaintiff to record said sale does not constitute a defence to this action."           .

"(16) On all the evidence, a finding for the plaintiff is warranted."