GEORGE ABDALLAH, administrator, *vs.* SELMA BOUMIL & others.

Middlesex.    April 15, 1976. — July 26, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Probate Court,* Costs, Interest, Hearing after rescript, Representations by counsel.

Where no evidence with respect to a contested claim for costs and expenses was introduced in a proceeding on a motion for a final decree after rescript, it was error to include in the decree an award for such costs and expenses. [500-501]

In a decree after rescript, a probate judge did not err in awarding interest on estate funds which the plaintiff had been found to have unreasonably withheld. [501]

PETITION filed in the Probate Court for the county of Middlesex on October 5, 1966.

Following the decision of this court in 2 Mass. App. Ct. 829 (1974), a decree after rescript was entered by *Sullivan,* J.

*Richard K. Donahue* for Selma Boumil & others.
*Roland E. Shaine* for George Abdallah, administrator.

GOODMAN, J.    Abdallah's appeal from a decree after the rescript previously issued in this case (*Abdallah* v. *Boumil,* 2 Mass. App. Ct. 829 [1974]) attacks the determination by a Probate Court of (1) costs and expenses and (2) interest — items awarded to his sisters, the other three heirs at law. The judge made a report of material facts; the proceedings are reported.

1. The determination in the decree after rescript of costs and expenses cannot stand. It is clear from the record, including the transcript of the proceedings, and it is conceded in the sisters' brief that no evidence was introduced in the proceedings on their motion for a final decree after rescript. As set out in the "Statement of the Case" in Abdallah's brief (which the brief of the sisters accepts), "[t]he substance of those proceedings was that the judge heard arguments of law and then announced that he would 'set it down for hearing some afternoon as expeditiously as possible....' The case was never set down for further hearing. What next occurred was the entry by the Probate Court of a Decree After Rescript....." Further, at the proceedings on the motion for final decree after rescript, counsel for Abdallah unequivocally stated that he "disagree[d] entirely with the statements of" counsel for the sisters as to the "facts about the claims for costs and expenses which he outlined to the court." He stated: "There's a factual controversy here which can't be resolved on the basis of statement[s] of counsel. It's a controversy which can be resolved only by the taking of evidence."[1]

This is not a case in which the parties acquiesced, without objection, in proceeding on representations of counsel or in which the facts represented by counsel were undisputed. See *Harper* v. *Harper,* 329 Mass. 85, 88 (1952); *Mede* v. *Colbert,* 342 Mass. 166, 167 (1961). Nor is this a case in which, the proceedings not having been reported, the report of material facts and the decree must be tested facially; see *Roberts* v. *Roberts,* 3 Mass. App. Ct. 789 (1975). See also *New England Trust Co.* v. *Triggs,* 339 Mass. 453, 456 (1959). Thus, the representations of counsel cannot be a basis either for the report of material facts or for the decree. *Dwyer* v. *Dwyer,* 239 Mass. 188, 189-190 (1921). *Harvey* v. *Waitt,* 312 Mass. 333, 340-341 (1943).

We find it difficult to follow the argument by the sisters

---

[1] Indeed, the judge agreed that "[i]f [counsel for Abdallah] wants to have a hearing and hear the evidence on the question of ... counsel fees, and be allowed to cross-examine the witness, I think it's absolutely right." Counsel for the sisters replied, "I agree with that."

that we should somehow establish the validity of the decree from the record before us; that would require accepting as true the elements of costs and attorneys' fees which Abdallah disputes and which he has never been given an opportunity to contest. Here the sisters' claim for costs and expenses requires an evidentiary basis, to be established at a hearing at which Abdallah has an opportunity to cross-examine and offer rebuttal. See *Boynton* v. *Tarbell,* 272 Mass. 142, 146 (1930). See also *Swift* v. *Hiscock,* 344 Mass. 691, 694 (1962). Nor do we think it advisable, without a developed factual background, to attempt to establish in the abstract even the permissible limits of costs and expenses in this case. Contrast *Hayden* v. *Hayden,* 326 Mass. 587, 596 (1950).

2. Abdallah concedes, as he must, that he is chargeable with interest on estate funds which he unreasonably withheld. *O'Shea* v. *Barry,* 252 Mass. 510, 511 (1925). *Sullivan* v. *Sullivan,* 335 Mass. 268, 277 (1957). Such an unreasonable withholding is implicit in the auditor's report which we considered when the case was here previously. Abdallah is thus foreclosed from contesting the original decree to the extent that we have upheld it on the basis of the auditor's report.[2] Nor can Abdallah complain that the computation of interest was made from the date of the original decree. See *Spilios* v. *Papps,* 292 Mass. 145, 146-147 (1935); *Sullivan* v. *Sullivan,* 335 Mass. at 277 — cases holding that interest may be assessed from the date of misappropriation, a date less favorable to Abdallah than the date of the original decree.

Abdallah's contention that since the date of the original decree he has, as stated in his brief, "paid over certain sums of which the decree surcharged him" is not a matter of present concern. The court will have ample opportunity to pass on any such contention in connection with the allowance of a subsequent account.

Accordingly, the decree after rescript is modified to de-

[2] Our rescript had ordered a slight modification in the original decree; nothing turns on the modification.

lete the determination of costs and expenses, and the case is remanded to the Probate Court for further proceedings on that aspect consistent with this opinion. The costs of this appeal shall not be awarded to any party.

*So ordered.*