LIBERTY MOBILEHOMES SALES, INC. *vs.* MICHAEL COHEN (and three companion cases). November 2, 1979. In these four summary process actions brought under G.L. c. 140, § 32J, the court awarded to the plaintiff, the operator of a mobile homes park, "Rent," "Costs" and "Counsel Fees" and conditionally stayed the execution for possession; the defendants (tenants) challenge only the awards of counsel fees. The awards of counsel fees are based on rental agreements between the plaintiff and the tenants for sites in the plaintiff's mobile homes park which were made at various times prior to January 1, 1978, and contained a provision that the tenant "agrees to pay ... reasonable attorney's fees" for "the collection of overdue rent." The judgments from which the tenants appeal (erroneously entitled a "ruling") modified (pursuant to the plaintiff's motion under Mass.R.Civ.P.

60[b]) judgments previously entered which listed the amounts owing for periods in 1976, 1977, and 1978. However, the judge found that there was no agreement in effect after January 1, 1978. Therefore, it was error to award counsel fees for the collection of amounts which became due after that date. Since the defendant Cohen at no time owed anything prior to January 1, 1978, the judgment against him (in No. SP-6322-C-78) is to be modified by deleting the amount of $200.00 for counsel fees, and as so amended the judgment is affirmed. It is not clear to what extent, if any, the awards of counsel fees in the three companion cases (Nos. SP-6320-C-78, SP-6323-C-78 and SP-6325-C-78) were made for amounts which became due after January 1, 1978, or to what extent, if any, they reflected the collection of amounts due in 1976 and 1977; therefore, those awards must also be reduced by at least so much of the counsel fees as are attributable to the collection of amounts due after January 1, 1978. Accordingly, the judgments in the three companion cases are vacated, and (without deciding the legal questions tendered by the defendants because of the state of the record) the cases are remanded to the Housing Court for the County of Hampden for further proceedings to determine whether any counsel fees are attributable to the collection of "overdue rent" in 1976 and 1977 under rental agreements containing the provision for attorney's fees referred to above. The court shall take evidence, if any of the parties so requests (see *Abdallah* v. *Boumil,* 4 Mass. App. Ct. 499 [1976]), as to the amount of counsel fees, if any, applicable to the collection of rents overdue prior to January 1, 1978, designating the particular rental agreement on which it is based.

*So ordered.*

*Ellen B. Kaplan* for the defendants.