David Waldman vs. American Honda Motor Co., Inc.

Hampshire. April 8, 1992. - August 10, 1992

Present: Liacos, C.J., Wilkins, Abrams, Nolan, & O'Connor, JJ.

*Practice, Civil,* Costs, Discovery. *Witness,* Fee. .

In a civil action, it was error for the judge, when awarding costs under
   G. L. c. 261, § 1, to allow the prevailing party its expert witness fees
   in excess of the amounts permitted by G. L. c. 262, § 29, in the absence
   of any basis in statute, contract, stipulation, or rule of damages for de-
   parting from the "American rule" that a litigant must bear its own
   expenses. [321-326]
In a civil action, the judge erred in awarding the prevailing party its depo-
   sition costs without holding a hearing and without making a finding of
   reasonable necessity as required by Mass. R. Civ. P. 54 (e). [326-328]

Civil action commenced in the Superior Court Depart-
ment on January 4, 1982.

A motion for taxation of costs was considered by *Elizabeth
A. Porada, J.*

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Wendy Sibbison* for the plaintiff.

*David H. Sempert (David W. McGough* with him) for the
defendant.

*Daniel C. Crane, Jerry E. Benezra, Edward E. Kelly &
Christine A. Gardner,* for Massachusetts Bar Association,
amicus curiae, submitted a brief.

Abrams, J. After trial by jury, the plaintiff, David Wald-
man, lost his product liability action against the defendant.
The Appeals Court affirmed the judgment in an unpublished
memorandum. See *Waldman* v. *American Honda Motor Co.,*
27 Mass. App. Ct. 1415 (1989). Thereafter, the trial judge,
after denying the plaintiff's request for a hearing, ordered

him to pay the defendant $18,837.08 as costs.[1] The plaintiff appealed. The Appeals Court affirmed. *Waldman* v. *American Honda Motor Co., Inc.,* 31 Mass. App. Ct. 451 (1991). We allowed the plaintiff's application for further appellate review.

The judge awarded the costs pursuant to G. L. c. 261, § 1. The plaintiff argues that the judge erred in awarding expert witness fees in excess of the witness fees provided by G. L. c. 262, § 29,[2] and in awarding deposition costs without finding that the deposition costs were "reasonably necessary." Mass. R. Civ. P. 54 (e), as amended, 382 Mass. 829 (1980). The plaintiff also asserts that, because there were factual disputes as to the reasonable necessity of the deposition costs claimed by the defendant, see Mass. R. Civ. P. 54 (e), the judge erred in ordering him to pay costs without affording him an opportunity to be heard, as he requested. We reverse the trial judge's order.

1. *Expert Witness Fees.*

A. *The American rule in Massachusetts.* "The usual rule in Massachusetts is that the litigant must bear his own expenses . . . ." *Linthicum* v. *Archambault,* 379 Mass. 381, 389 (1979), citing *Creed* v. *Apog,* 377 Mass. 522, 525 (1979). See *Broadhurst* v. *Director of the Div. of Employment Sec.,* 373 Mass. 720, 721 (1977); *Fuss* v. *Fuss (No. 1),* 372 Mass. 64, 70 (1977). See also *Bournewood Hosp., Inc.* v. *Massachusetts Comm'n Against Discrimination,* 371 Mass. 303, 312-313 (1976); *United Tool & Indus. Supply Co.* v. *Torrisi,* 359 Mass. 197, 197-198 (1971); *Commissioner of Ins.* v. *Massachusetts Accident Co.,* 318 Mass. 238, 241 (1945), citing *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258

---

[1]The plaintiff was ordered to pay expert witness fees of $13,305.54 under Mass. R. Civ. P. 54 (d), as amended, 382 Mass. 821 (1980); deposition costs of $2,826.09 under Mass. R. Civ. P. 54 (e), as amended, 382 Mass. 829 (1980); and transcript costs of $1,455.50 and appellate brief fees of $1,249.95 under Mass. R. A. P. 26 (c) and (d), 365 Mass. 873 (1974).

[2]These costs were not imposed pursuant to G. L. c. 93A, or G. L. c. 231, § 6F, or Mass. R. A. P. 25, as amended, 376 Mass. 949 (1979).

(1925); *Boynton* v. *Tarbell*, 272 Mass. 142, 144 (1930); *Abrams* v. *Scandrett*, 138 F.2d 433, 436 (7th Cir. 1943). This rule is more broadly known as the "American Rule." *Alyeska Pipeline Serv. Co.* v. *Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

Certain taxable costs, however, are recoverable as a matter of course by successful litigants. G. L. c. 261, §§ 1 et seq.[3] Witness fees are included in taxable costs. See G. L. c. 261, §§ 8, 9, 11. See also *Barber* v. *Parsons*, 145 Mass. 203 (1887); *Cook* v. *Holmes*, 1 Mass. 295 (1805). In taxing costs, courts do not seek to compensate litigants fully for the cost of litigation. "As a general rule taxable costs are considered full compensation to a prevailing party for the expense of conducting litigation even though such costs are only nominal and wholly inadequate." *MacNeil Bros.* v. *Cambridge Sav. Bank*, 334 Mass. 360, 363 (1956), citing *Malloy* v. *Carroll*, 287 Mass. 376, 384 (1934); *Goldberg* v. *Curhan*, 332 Mass. 310, 312 (1955). The amount of taxable witness fees is governed by G. L. c. 262, § 29.[4] We conclude that this limitation applies to all witnesses, including experts.[5] The trial judge therefore erred in awarding expert witness fees as costs in excess of the amounts permitted under G. L. c. 262, § 29.[6]

A successful litigant may recover the actual, reasonable costs of the action from an adversary only if "a statute permits awards of costs . . . or . . . a valid contract or stipulation provides for costs, or . . . rules concerning damages permit recovery of costs."[7] (Citation omitted.) *Broadhurst* v. *Direc-*

---

[3]General Laws c. 261, § 1 (1990 ed.), provides that "[i]n civil actions the prevailing party shall recover his costs, except as otherwise provided."

[4]General Laws c. 262, § 29 (1990 ed.), provides, in relevant part: "The fees for attending as a witness before . . . the superior court . . . shall be six dollars a day, and ten cents a mile for travel out and home . . . ."

[5]Ordinarily, an expert witness is a nonpercipient witness with specialized knowledge.

[6]Our disposition of this issue means that we need not reach the plaintiff's contention that the judge had no discretion to tax as costs those expert witness fees attributable to witness preparation.

[7]There is no allegation that either contractual provisions or rules of damages except this case from the "the usual rule . . . that the litigant

*tor of the Div. of Employment Sec.*, 373 Mass. 720, 721-722
(1977). General Laws c. 261, § 1, is not such a statute. Since
our 1945 decision in *Commissioner of Ins.* v. *Massachusetts
Accident Co.*, *supra*, in which we first referred to the Ameri-
can rule as the usual rule in Massachusetts, the Legislature
has amended the relevant portions of G. L. c. 261 seven
times,[8] and G. L. c. 262, § 29, five times.[9] "The Legislature
must be presumed to have known of [our previous] deci-
sion[s]" affirming the vitality of the American rule. *Crown
Shade & Screen Co.* v. *Karlburg*, 332 Mass. 229, 231
(1955). Because nothing in any amendment suggests that the
Legislature intended that G. L. c. 261, § 1, reverse the
American rule, we assume the Legislature did not intend to
do so. See *Crown Shade & Screen Co.* v. *Karlburg, supra* at
231. See also *District Attorney for the N. Dist.* v. *Lowell
Div. of the Dist. Court Dep't*, 402 Mass. 511, 513-514
(1988), citing *MacQuarrie* v. *Balch*, 362 Mass. 151, 152
(1972). When the Legislature determines that actual, rea-
sonable costs, as distinguished from statutory costs, are to be
shifted from the losing party to the prevailing party, it enacts
an explicit statute. See, e.g., G. L. c. 93A and G. L. c. 231,
§ 6F.

The defendant's reliance on cases decided under G. L. c.
93A is misplaced. General Laws c. 93A provides express
statutory authority to award expert witness fees to a success-
ful plaintiff. See *Maillet* v. *ATF-Davidson Co.*, 407 Mass.

---

must bear his own expenses." *Linthicum* v. *Archambault*, 379 Mass. 381,
389 (1979).

[8]Since 1945, the Legislature has amended G. L. c. 261, §§ 1-26 in: St.
1957, c. 497 (amending § 25A); St. 1965, c. 410 (same); St. 1971, c. 843,
§ 19 (amending § 8); St. 1973, c. 591, § 18 (same), c. 1114, § 342
(amending § 4), c. 1114, § 343 (amending § 10), c. 1114, § 345 (amend-
ing § 13), c. 1114, § 346 (amending § 23); St. 1975, c. 377, § 161 (amend-
ing § 9), c. 377, § 162 (amending § 26); St. 1983, c. 524, § 2 (amending
§ 23), c. 524, § 3 (amending § 25A), c. 524, § 4 (amending § 26), c. 575,
§ 10 (amending § 8); St. 1987, c. 755, § 13 (same).

[9]Since 1945, the Legislature has amended G. L. c. 262, § 29, in: St.
1949, c. 697; St. 1962, c. 514; St. 1964, c. 458; St. 1973, c. 911; St. 1979,
c. 344, § 16.

185 (1990); *Linthicum* v. *Archambault, supra.* In *Linthicum* v. *Archambault, supra* at 389, we said that "[c.] 93A is a statutory exception to th[e usual rule]." We said that "reasonable expert witness fees should normally be recoverable in a c. 93A case *in order to vindicate the policies of the act*" (emphasis added). *Maillet* v. *ATF-Davidson Co., supra* at 194, quoting *Linthicum, supra.* The fee-shifting mandate of G. L. c. 93A is precisely the type of specific statutory exception to the American rule that is absent in the present case.[10]

The defendant's reliance on *Goulet* v. *Whitin Mach. Works, Inc.,* 399 Mass. 547, 555 (1987), also is misplaced. In *Goulet,* we said: "Contrary to [the defendant's] assertion, there is no indication that th[e award of expert witness fees] was 'all or in large part apparently generated in connection with defendant's deposition of the [expert] witness.'" *Id.* The issue whether G. L. c. 262, § 29, limits the amount of expert witness fees that may be awarded under Mass. R. Civ. P. 54 (d) and Mass. R. A. P. 26 (c) was not before us, and we therefore did not resolve it. The other cases cited by the defendant similarly do not support the proposition that, in the absence of statutory or contractual authorization or a finding of frivolousness, see G. L. c. 231, § 6F, expert witness fees may be taxed in excess of the amounts provided in G. L. c. 262, § 29.[11]

---

[10]Similarly, in enacting G. L. c. 231, § 6F, the Legislature expressed its intention that fees and costs in excess of statutory costs be taxed against litigants who advance arguments that are "wholly insubstantial, frivolous and not advanced in good faith." G. L. c. 231, § 6F. We note that the punitive effect of G. L. c. 231, § 6F, would be undermined if costs in excess of statutory costs were granted as ordinary costs under G. L. c. 261, § 1.

[11]In *George* v. *Coolidge Bank & Trust Co.,* 360 Mass. 635 (1971), we upheld a trial judge's denial of a motion for costs. We explained that "G. L. c. 261, § 13, places the matter [of costs] 'wholly in the discretion of the court,' and no abuse of that discretion has been shown [in the judge's denial of the motion for costs]." *Id.* at 640, citing *Chartrand* v. *Chartrand,* 295 Mass. 293 (1936). Similarly, in *Chartrand,* this court held that there was no abuse of discretion under c. 261, § 13, where a trial judge denied a litigant's motion for counsel fees. These cases merely estab-

B. *Result under Federal practice.* Practice under the corresponding Federal statutory scheme and rules of procedure yields the same result. The relevant language of the Federal rule, Fed. R. Civ. P. 54 (d), is identical to the language of Mass. R. Civ. P. 54 (d), as amended, 382 Mass. 821 (1980). Both rules provide that, "[e]xcept when express provision therefor is made either in a statute . . . or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Where this court has "adopted comprehensive rules of civil procedure in substantially the same form as the earlier Federal Rules of Civil Procedure, the adjudged construction theretofore given to the Federal rules is to be given to our rules, absent compelling reasons to the contrary or significant differences in content." *Rollins Envtl. Servs., Inc.* v. *Superior Court,* 368 Mass. 174, 179-180 (1975). Cf. *Creed* v. *Apog,* 377 Mass. 522, 525 (1979) ("Such costs [incurred by defendant in purchasing letter of credit required as collateral security for a surety bond required to dissolve an attachment] have been awarded to prevailing parties by long practice in the Federal courts").

The plaintiff argues persuasively that *Crawford Fitting Co.* v. *J.T. Gibbons, Inc.,* 482 U.S. 437, 439 (1987), supports his position. In that case, the United States Supreme Court "h[e]ld that when a prevailing party seeks reimbursement for fees paid to its own expert witnesses [pursuant to Fed. R. Civ. P. 54 (d) and 28 U.S.C. § 1920], a [F]ederal court is bound by the limit of § 1821(b), absent contract or explicit

---

lish that a trial judge has the discretion to deny an award of costs; they do not suggest that each item sought as costs in the two cases was allowable.

In *Osborne* v. *Biotti,* 404 Mass. 112 (1989), we noted in passing that a Superior Court judge had allowed a prevailing defendant in a "negligence action" to recover $25,000 as costs. The award included costs "incurred for service of process, deposition transcripts, trial transcripts, expert witness fees, and other court fees." *Id.* at 113. This award, we noted, was affirmed by the Appeals Court without opinion. See *Osborne* v. *Selectmen of Manchester,* 24 Mass. App. Ct. 1111 (1987). We set forth these facts as part of the procedural history of the appeal then before us; the propriety of the award was not at issue. "The sole issue before us [in *Osborne* v. *Biotti, supra,* was] whether the defendants . . . [were] entitled to postjudgment interest on an award of costs." *Osborne* v. *Biotti, supra* at 112.

statutory authority to the contrary."[12] The Supreme Court in *Crawford Fitting Co.* noted that the predecessor statute of 28 U.S.C. § 1920 provided that "the following *and no other* compensation shall be taxed [as costs] and allowed" (emphasis added). *Crawford Fitting Co.*, *supra* at 440, quoting Act of Feb. 26, 1853, 10 Stat. 161. The Supreme Court also explained that, although the language of exclusivity underscored above has been deleted from § 1920, the omission suggests no "apparent intent to change the controlling rules." *Crawford Fitting Co.* v. *J.T. Gibbons, Inc.*, *supra* at 440, quoting *Alyeska Pipeline Serv. Co.* v. *Wilderness Soc'y*, 421 U.S. 240, 250 (1975). The defendant argues that the lingering effect of the language omitted from § 1920 distinguishes that statute from G. L. c. 261 and therefore counsels against following the Federal practice.

Nothing in *Crawford Fitting Co.*, however, suggests that the result of that case turned on the language in the predecessor of 28 U.S.C. § 1920. Rather, the Supreme Court grounded its conclusion on "the language and interrelation of [the relevant] provisions." *Crawford Fitting Co.*, *supra* at 441. Like G. L. c. 262, § 29, "[28 U.S.C.] § 1821 specifies the amount of the fee that must be tendered to a witness[; like G. L. c. 261, 28 U.S.C.] § 1920 provides that the fee may be taxed as a cost[; and like Mass. R. Civ. P. 54 (d), Fed. R. Civ. P.] 54 (d) provides that the cost shall be taxed against the losing party unless the court otherwise directs." *Id.*

2. *Deposition costs.* The plaintiff argues that the judge erred in awarding the defendant deposition costs without holding a hearing and without making the finding of reasona-

---

[12]Title 28 U.S.C. § 1920 (1988) provides, in pertinent part: "A judge or clerk of any court of the United States may tax as costs the following: . . . (3) Fees and disbursements for printing and witnesses. . . ."

Title 28 U.S.C. § 1821 (b) (1988) provides: "A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

ble necessity required by Mass. R. Civ. P. 54 (e).[13] The plaintiff argues that he was entitled to a hearing, which he timely requested, before the trial judge taxed costs. We agree. We held in *Boynton* v. *Tarbell*, 272 Mass. 142, 146 (1930), that a Probate Court judge "had no authority to award costs . . . except after a hearing to the parties in interest." See *Manganaro Drywall, Inc.* v. *White Constr. Co.*, 372 Mass. 661, 666 (1977) (parties challenging reasonableness of attorney's fees "entitled to an evidentiary hearing if they requested one"), citing, inter alia, *Boynton* v. *Tarbell, supra*; *Abdallah* v. *Boumil*, 4 Mass. App. Ct. 499, 500-501 (1976) (litigant challenging award of costs entitled to hearing).

On appeal, the plaintiff claims there are factual issues as to the reasonable necessity of the deposition costs taxed against him.[14] Relying on *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621 (1978), in which we upheld an award of attorney's fees made without an evidentiary hearing, the defendant maintains that the plaintiff was not entitled to a hearing. In *Heller*, however, we noted that "where the award [of attorney's fees] is provided for by statute . . . , the standard of reasonableness depends not on what the attorney usually charges but, rather, on what his services were objectively worth. . . . [T]he crucial factors in making such a determination are (1) how long the trial lasted, (2) the difficulty of the legal and factual issues involved, and (3) the degree of competence demonstrated by the attorney. . . . A judge presiding over the action for which the plaintiff seeks reasonable attorney's fees has ample opportunity to acquire firsthand knowledge of all these factors." (Citations omit-

---

[13]Massachusetts R. Civ. P. 54 (e), as amended, 382 Mass. 829 (1981), provides, in pertinent part: "The taxation of costs in the taking of depositions . . . shall be subject to the discretion of the court, but in no event shall costs be allowed unless the court finds that the taking of the deposition was reasonably necessary . . . ."

[14]For example, the plaintiff states that he was ordered to pay the defendant's costs of one deposition, the costs for which were originally assessed against the defendant as a sanction for failure to comply with a discovery order. Although the judge might choose to vacate the order, the defendant is entitled to be heard before the judge acts.

ted.) *Id.* at 629. This rationale is inapplicable to the question of deposition costs. See, e.g., *Matter of a Grand Jury Subpoena*, 411 Mass. 489, 502 (1992). Further, a trial judge is not a practicing attorney. Presiding over a trial does not give a judge the necessary insight into a litigant's pretrial strategy or the reasonableness of deposition costs.

Posttrial motions concerning costs should not be permitted to "deteriorate into ancillary major litigation." *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 544 (1985). However, "[i]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer* v. *Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). A losing party who seeks to challenge factual issues raised by the affidavits and vouchers of the prevailing party must have an opportunity to be heard.[15] See *Boynton* v. *Tarbell, supra; Abdallah* v. *Boumil, supra.*

We also conclude that a judge awarding discretionary deposition costs must make an express finding of reasonable necessity. Requiring a judge to articulate the reasons for awarding deposition costs ensures that the judge will weigh the award carefully and thoughtfully. See *Beit* v. *Probate & Family Court Dep't*, 385 Mass. 854, 862 (1982). See also *Roadway Express, Inc.* v. *Piper*, 447 U.S. 752, 764 (1980).

For the foregoing reasons, the order on costs is reversed and the matter remanded to the Superior Court for proceedings consistent with this opinion.[16]

*So ordered.*

---

[15]Additionally, we note that, in this case, the plaintiff maintains, and the defendant does not dispute, that the plaintiff was not served by the defendant with copies of the affidavits and vouchers on which the motion for costs was based as required by Mass. R. Civ. P. 54 (d), as amended, 382 Mass. 821 (1980).

[16]The plaintiff challenges the appellate brief fee of $1,249.95 as unreasonable on its face. The plaintiff asks us to take judicial notice of the prevailing cost of appellate brief preparation in the Commonwealth, which we decline to do. Taxation of costs for preparation of the transcript and appellate briefs is governed by Mass. R. A. P. 26 (d), as amended, 378 Mass. 925 (1979), which provides, in pertinent part, that "[t]he clerk of the lower court shall prepare and certify an itemized statement of costs

[awardable under Mass. R. A. P. 26 (a)] for insertion in the lower court judgment."