CITY OF BOSTON & others *vs.* UNITED STATES MINERAL PRODUCTS COMPANY & others. No. 93-P-671. October 25, 1994. *Practice, Civil*, Costs, Discovery, Retroactivity of judicial holding. *Witness*, Fee.

After a trial before a jury, the defendants, who had prevailed, applied for expert witness fees and the costs of depositions. The judge who had presided over the forty-five day trial about asbestos removal liability (see *Boston* v. *United States Gypsum Co., ante* 253 [1994]) awarded to United States Mineral Products Company (USM) $90,431.16 on account of ex-

pert witness costs and $22,428.65 on account of deposition costs. To the other defendant claiming costs, United States Gypsum Company (USG), the judge awarded $31,808.91 in expert witness costs and $27,705.74 for deposition costs. The plaintiffs, who are the city of Boston, the school committee of Boston, and the collector-treasurer of Boston, have appealed from the order of the judge on the grounds that expert witness fees, as matter of law, are limited to the attendance fees and mileage charges prescribed in G. L. c. 262, § 29, and that the judge made insufficient findings as to the necessity and reasonableness of the deposition costs.

1. *Expert witness fees.* This question is controlled by *Waldman* v. *American Honda Motor Co.*, 413 Mass. 320, 321-324 (1992), which holds that, in the absence of special authorizing statute, contractual provision, or stipulation, a prevailing party may not recover expert witness fees and costs beyond the limited allowance in G. L. c. 262, § 29 (six dollars a day and ten cents a mile). The *Waldman* opinion was published eight months after the order for costs in this case, and the successful defendants have urged on appeal that the *Waldman* decision was of such novelty that it should be given only prospective application. That, however, is contrary to the general rule that common law decisions apply to past events, the underlying assumption being that courts find and declare the law that has existed right along. *Schrottman* v. *Barnicle*, 386 Mass. 627, 631 (1982). In the instant case, it cannot reasonably be claimed that the parties, least of all the defendants, relied on their ability to recover costs when they lurched into litigation and sought expert testimony. There is, therefore, no harshness or inequity in retroactive application of what *Waldman* stated to be the law. It was error to award expert witness fees and costs, and those amounts, which aggregate $122,240, shall be struck from the judge's order.

2. *Deposition expenses.* As to deposition expenses, the plaintiffs, again pointing to the *Waldman* decision (413 Mass. at 326-328), contend that the trial judge failed to make findings showing careful analysis of the deposition expenses claimed and awarded. The judge did hold a hearing and filed a memorandum explaining his award of costs. He found that the depositions were reasonable and necessary and that the costs of those depositions claimed by USM and USG, respectively, were fair and reasonable. Unless the judge had proceeded voucher by voucher, further explication by him of why he did or did not accept the submissions of the defendants would not have been particularly illuminating. What *Waldman* requires is an express finding of reasonable necessity following careful scrutiny and an opportunity for the losing party to be heard. The judge said he had considered the "extensive submissions" of counsel and their arguments. We think that satisfied the *Waldman* criteria and that item by item analysis would risk the deterioration of posttrial motions concerning costs into "ancillary major litigation." *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 544 (1985).

There shall be struck from the order for costs the components dealing with expert witness costs, leaving in place an order in behalf of USM of $22,428.65 and in behalf of USG of $27,705.74.

*So ordered.*

*Stephen P. Perlmutter* for the plaintiffs.

*Joseph P. Musacchio* (*Richard P. Melick* with him) for United States Mineral Products Company.

*Robert D. Friedman* for United States Gypsum Company.