Flannery, J.
Having litigated successfully its right to participate without discrimination in Boston’s annual St. Patrick’s/Evacuation Day Parade, the plaintiff (“GLIB”) now moves for an award of attorneys fees and costs pursuant to M.G.L.c. 151B, §9.[1] That section provides in pertinent part: “If the court finds for the petitioner it shall, in addition to any other relief and irrespective of the amount in controversy, award the petitioner reasonable attorneys fees and costs unless special circumstances would render such an award unjust.” The plaintiff seeks an award against the defendant Veterans Council (“Veterans”) only, not against the defendant City. The Veterans oppose the motion: the City takes no position on it.[2]
The plaintiffs application is conventional in that the fees amount claimed is arrived at by multiplying the lawyers’ hours of work on the case times their regular hourly rates. The total ($219,914.75) is then discounted to reflect deductions for unsuccessful claims against the City (35 percent), appellate work (15 percent more), and duplication of work among plaintiffs counsel (60 percent more). As a result of that process the net attorneys fees claim is $48,600.96. The costs claimed ($7478.83) reflect actual expenditures in support of the litigation, e.g., depositions, copying costs, messenger service, etc.[3] The work done by the several lawyers is carefully and completely documented, their experience and professional attainments are sworn to, and the reasonableness of the hourly rates claimed is attested to by a knowledgeable and respected member of the bar, Walter H. Mayo, III.
The Veterans do not dispute either the reasonableness of the lawyers’ hourly rates or the hours claimed. Nor do they question the costs claimed. Rather, they oppose the motion on several other grounds: Their petition for certiorari review of the case is pending in the United States Supreme Court, so the plaintiff ultimately may not be the prevailing party; the plaintiffs prevalence is only technical or nominal, so an award is uncalled for (Farrar v. Hobby, 121 L.Ed.2d 494 (1992)); an award would be unjust because of special circumstances here. The special circumstances appear to be that the Veterans are well-meaning citizens who stood up for their values to litigate a novel issue in good faith.
First, I do not agree that the plaintiffs prevalence is token or incomplete in any sense. GLIB sought and secured a permanent injunction against the Veterans enabling it to participate fully in the subject Parade. That order was affirmed in all respects by the Supreme Judicial Court. The Veterans call the injunction “conditional,” urging that in a different case they might prevail. Perhaps so, but they have not pointed to any relief sought against them in this case that was denied. The plaintiff is the prevailing party here in every relevant sense.
Second, the Veterans’ contention that they litigated an important novel question in good faith misses the point of the attorneys fees provision of c. 151B. That provision is not intended to deter or penalize frivolous or bad faith litigation; M.G.L.c. 231, §6F addresses *61 such cases. Rather, the provision in c. 15IB is intended to support litigants and counsel who vindicate legislatively secured rights and to ensure that meritorious claims do not go unrepresented. The plaintiff has a meritorious claim under c. 272, §§92A and 98, and it has been litigating successfully to exercise its right since 1992. Thus, its entitlement to attorneys fees and costs is independent of whether or not the Veterans’ prolonged opposition is in good faith.[4]
I conclude that GLIB is entitled to reasonable fees and costs. What amount is appropriate and how shall it be arrived at? In Fontaine v. Ebtec Corp., 415 Mass. 309, 326 (1993), the Court wrote:
A fair market rate for time reasonably spent preparing and litigating a case is the basic measure of a reasonable attorneys fee under state law as well as federal law.
In Waldman v. American Honda Motor Co., 413 Mass. 320, 327 (1992), the Court, quoting from an earlier case (Heller v. Silverbranch Constr. Corp., 376 Mass. 621 (1978)), noted that “reasonableness” does not depend upon what the attorney usually charges but upon an appraisal by the trial judge of what the lawyer’s “services were objectively worth.” To be considered are factors such as the length of the trial, the novelty and difficulty of the issues involved, and the degrees of competence demonstrated by the lawyers.[5]
As noted above, the defendants here do not challenge the reasonableness of plaintiffs counsel’s customary hourly rates or the accuracy or reasonableness of the time charges claimed. Indeed, at the hearing on the motion the defendants did not contest the plaintiffs evidence or offer any of their own. Of course, that concession does not oblige the court to adopt the plaintiffs view of the reasonableness of the time expended or the customary rates. I must make an independent appraisal of the worth of the attorneys’ services based upon what I saw, heard, and read during the trial and the hearings on motions.[6]
First, I find that counsel’s claimed hours (in excess of 1500 hours) are accurately reported and reasonable, and I find — particularly in light of plaintiffs substantial voluntary discount — that there was no duplication of effort among counsel.
Second, I find that the claimed hourly rates are for the most part excessive. Such rates may (or may not) have been reasonable for the successful work done initially for the 1992 Parade, but the fees application for that work is not before me. The work done in connection with the 1993 and 1994 Parades, which is before me, reiterated and built upon the work done earlier. The plaintiffs “duplication discount,” commendable though it is, does not appear to take into account that legal work is easier the third time around and not every hour spent is the lawyer’s finest. Additionally, not all counsel made effective in-court presentations, and not all of the work done for plaintiff was of equally high caliber. Therefore, the award below is based upon the following court-prescribed rates: Mr Cronin, $ 150 per hour; Ms. Kappler, $95 per hour; Ms. Bonauto, $100 per hour, Mr Ward, $100 per hour; Ms. Van Ness, $100 per hour.
Applying those rates to the hours charged yields a new fees total of $156,416.95. Applying the discount percentages used by the plaintiff yields a new net fees total of $34,568.15, and that sum is the reasonable fee award in this case.
The amount of the plaintiffs claim for costs, $7478.83, is uncontested, and it is awarded in that amount.
For the foregoing reasons, there are no “special circumstances” that render unjust an award in this case, and I award “reasonable attorneys fees and costs” in the total amount of $42,046.98.
Finally, the obligation to pay this award is hereby stayed pending disposition of the defendants’ petition for certiorari. If the writ is granted, the defendants’ obligation herein shall be further stayed pending Supreme Court decision or other disposition.

See GLIB v. City of Boston, 1 Mass. L. Rptr. No. 18, 370 (1994); affirmed 418 Mass 238 (1994). The plaintiffs present motion grows out of its litigation to participate in the 1993 and 1994 Parades. A similar motion pertaining to the 1992 Parade is pending in a different session of this court. The plaintiff marched in the 1992 and 1993 Parades. However, after the Supreme Judicial Court affirmed this court’s December 1993 ruling for the plaintiff (418 Mass, at 239, n.5), the defendant Veterans Council called off the 1994 Parade. So while the plaintiff prevailed legally for 1994, it did not march.

HearingTranscript (“Tr.”), November 1, 1994, pp. 18-19. The City does oppose the application pertaining to the 1992 Parade (Tr. 19).

One of the plaintiffs summaries (ex. A to the motion) refers to the $7478.83 as “partial” costs, but the motion does not identify other (presumably waived) costs.

It was suggested at argument on the plaintiffs motion that fees and costs should not be awarded because the Veterans were following well-meaning, albeit mistaken, legal advice (Tr. 21-22, 29-30). Again, however, the plaintiff has an affirmative entitlement under the statute, i.e., one that does not depend upon the basis for the defendants’ opposition to the plaintiffs exercise of a secured right.

Cases under a similar federal statute, 42 U.S C §1988, rely upon these factors and also other ones such as the unpopularity of a case (which may adversely affect the lawyer’s practice), the public importance of the issue(s) involved, the risk of losing, and an enhancement or multiplier for exceptional success.

I presided at the trial on the merits and all hearings on motions since mid-1993. I did not preside at the hearing concerning the 1993 Parade for which fees are sought. That does not disable me from considering the 1993 application, however, as the lawyers and the issues are the same, and the defendants draw no distinction between 1993 and 1994 (Tr. 26-28).