Agnes, A.J.
I. Introduction
This motor vehicle tort case was tried to a jury on June 2-3, 2004. Based on the jury’s answers to special questions which indicate that the defendant was not negligent, the court ordered a judgment to enter for the defendant. The defendant has filed a motion seeking an order taxing costs against the plaintiff in the amount of $2,351.84.
*124 2. Background
The defendant’s motion is supported by an affidavit in which he explains each element of costs. The principal area of dispute is over costs relating to the defendant’s travel from the State of Florida where he resides in order to attend the trial. The defendant seeks to include as an element of recoverable costs air travel expenses for the defendant to fly to Boston and back to Florida ($1,251.70), livery transportation for the defendant while in Massachusetts ($336.52) and hotel and meals during the trial from June 1-3, 2004. These particular costs total $2,006.77. The plaintiff disputes that these items are “costs” recoverable under Massachusetts law.
3. Discussion
“The usual rule in Massachusetts is that the litigant must bear his own expenses . . .” Linthicum v. Archambault, 379 Mass. 381, 389 (1979), citing Creed v. Apog, 377 Mass. 522, 525 (1979). But see Preferred Mutual Insurance Company v. Gamache, 426 Mass. 93, 98 (1997) (“We hold, as an exception to our traditional rule disallowing attorneys fees and expenses, that an insured under a homeowner’s policy, like Gamache, is entitled to the reasonable attorneys fees and expenses incurred in successfully establishing the insurer’s duty to defend under the policy”). In Waldman v. American Honda Motor Co., 413 Mass. 320, 322-23 (1992), the Supreme Judicial Court affirmed the traditional rule but explained that there are exceptions such as when “a statute permits awards of costs[1] . . . or... a valid contract or stipulation provides for costs, or . . . rules concerning damages permit recovery of costs.” Id. at 322, quoting Broadhurst v. Director of the Div. of Employment Sec., 373 Mass. 720, 721-22 (1977). See, e.g., G.L.c. 261, §1 (“In civil actions the prevailing party shall recover his costs, except as otherwise provided”); G.L.c. 261, §23 (“There shall be allowed, in a civil action in the . . . superior court, in addition to other disbursements allowed by law, the following costs: . . . For travel, such sum as the court may allow”); Mass.RCiv.P. 54(d) (“Except when express provision therefore is made either in a statute of the Commonwealth or on these rules, costs shall be allowed as of course to the prevailing pariy unless the court otherwise directs”). However, the Supreme Judicial Court cautioned that “(i]n taxing costs, courts do not seek to compensate litigants fully for the cost of litigation.” Waldman v. American Honda Motor Co., supra, 413 Mass, at 322.[2] Furthermore, the Supreme Judicial Court has advised that “where such costs are permitted, an award of costs is allowable only when based on ‘specific affirmative authority.’ ” Demoulas v. Demoulas, 432 Mass. 43, 64 (2000) (holding that costs of daily transcripts during trial are not recoverable).[3]
4.Travel Costs of Prevailing Party
In adopting G.L.c. 261, §23, the Legislature has made specific provision for the recovery of a party’s travel costs and has assigned the matter to the discretion of the court. See Bliss v. Tripp, 16 Gray (82 Mass.) 287 (1860).[4] However, given the traditional Massachusetts rule that in most cases a litigant must bear his own expenses and the entrenched view that costs are not recoverable unless specifically authorized by the Legislature or allowed by court rule or decision and even then are not designed to fully reimburse a party for the expenses of the litigation, the costs of lodging and meals for out-of-state witnesses are not recoverable.
5.Order
For the above reasons, under G.L.c. 261, §23 and Mass.R.Civ.P. 54(b), a prevailing party who travels to Massachusetts from his residence out of staté to attend his trial is permitted to tax the costs of his round-trip airfare but is not permitted to tax the costs of his lodging and meals incurred in connection with his attendance at trial. Also, there is no provision made in G.L.c. 261 for the recovery of the $150.00 removal fee incurred in an unsuccessful attempt to remove the case to federal court. Accordingly, the costs requested by the defendant ($2,351.84) should be reduced by $336.52, $418.55, and $150 to the net amount of $1,446.77.

For example, the Massachusetts Whistleblower statute, G.L.c. 149, § 185(d) provides that “(t]he court may . . . order payment by the employer of reasonable costs, and attorneys fees.”

The Court noted that “when the Legislature determines that actual, reasonable costs, as distinguished from statutory costs, are to be shifted from the losing party to the prevailing party, it enacts an explicit statute. See, e.g., G.L.c. 93A and G.L.c. 231, §6F.” Waldman v. American Honda Motor Co., supra, 413 Mass, at 323. “Ibis statute [§6FJ ameliorates the consequences of the ‘American rule,’ which ordinarily denies a prevailing party the recovery of legal fees incurred in litigation.” Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 328 (1997).

See, e.g., Waldman v. American Honda Motor Co., supra, 413 Mass. 320, 321-24 (1992) (in the absence of a special authorizing statute, contractual provision, or stipulation, a prevailing parly may not recover expert witness fees and costs beyond the limited allowance in G.L.c. 262, §29); Paquin v. MRW, Inc., No. 912268 (Dec. 12, 2002) (Fecteau, J.) (15 Mass. L. Rptr. 507) (“[E]xpert fees, including the preparation of a report for review by an expert and out-of-state travel of an expert, is not authorized. The costs of legal research are deemed to be within the purview of counsel fees, as are the costs of private investigation, and likewise are not authorized by law.”).

In Melvin v. Whiting, 13 Pickering (30 Mass.) 184, 190-91 (1832), in upholding an award of costs to the plaintiff for travel expenses for two out-of-state witnesses (Maine and New Hampshire) under St. 1795, c. 41, a predecessor statute to G.L.c. 261, §23, Chief Justice Shaw states that a majority of the Court was of the view that the costs taxed should be reduced to permit recovery for only those costs incurred “from the line of the State, in the usual and ordinary route, from the witness’s place of residence to the place of holding the court . . .” However, when as in this case an out-of-state witness travels to Massachusetts by plane, it is more appropriate to tax the reasonable costs of round-trip airfare.