Kaplan, Mitchell H., J.
INTRODUCTION
This case was tried, jury waived, from May 16 through May 23, 2011. Judge Nancy Staffier Holtz presided. On August 5, 2011, Judge Holtz issued a lengthy opinion in which she made detailed findings of fact and conclusions of law. The defendants, who were also plaintiffs-in-counterclaims (hereafter Baker), prevailed. Judge Holtz found against the plaintiff (Resnick) on all his claims and ordered that Baker recover from the Resnick $450,000 on Baker’s counterclaim for abuse of process, and $152,853 on his counterclaim for breach of contract. The order made clear that these sums were cumulative and, therefore, that Baker was to be awarded total damages in the amount of $602,853. Judge Holtz also held that Resnick had violated Chapter 93A. Judge Holtz exercised her “discretion . . . not [to] double or treble the award which is already sizeable. However, given the scorched earth nature of this litigation, which this Court witnesses firsthand, this Court does award attorneys fees.” Judge Holtz ordered Baker to serve his petition for attorneys fees on Resnick by September 7, 2011 under Rule 9A and that the session clerk schedule a hearing on the petition in September, when Judge Holtz would still be presiding in the H session. Baker timely served that petition, and Resnick served his response on September 30, 2011; however, the Rule 9A packet was not filed until October 13, 2011. For reasons that are not evident from the docket, a hearing on that petition was not scheduled for several months. In the interim, Judge Holtz retired.
It would be difficult enough for a judge who had not presided over the trial to rule on the petition for attorneys fees; however, that is not the only post-trial motion now before the court, as Baker proceeded to serve and file, seriatim, a number of additional motions.
On October 7, 2011, Baker served a Motion for Sanctions Against Plaintiffs Counsel, Alan Fanger, Pursuant to Mass.R.Civ.P. 11(a) and G.L.c. 231, §6F (the Rule 11 Motion). Fanger served his opposition to that motion on November 16; however, Baker filed the 9A packet on December 6.
On November 4, 2011, Baker served a Motion for an Award of Fees and Costs Against Mark Resnick Pursuant to G.L.c. 231, §6F (the 6F Motion). On November 17, 2011, Resnick served his opposition; however, once again, that 9A packet was not filed until December 7, 2011.
On November 30, 2011, Baker served a Motion for the Calculation of Interest on the Amounts Awarded Pursuant to G.L.c. 231, §§6B and 6C, in which Baker argued that interest should be awarded in the amount of $483,548.45 (the Interest Motion). Resnick served his opposition to that motion on December 7. That 9A packet was filed on December 9, 2011.
On December 19,2011, not content with his previous interest motion, Baker served a Supplemental Statement of Damages and Motion to Assess Damages at 150% Interest (the 150% Interest Motion). Resnick served his opposition to that motion on January 17,2012, and the 9A package was filed on January 27, 2012.
In consequence, the court has pending before it five post-trial motions all filed by Baker. He has filed at least one reply brief and/or supplemental supporting materials with respect to four of the motions. The post-trial filings, stacked atop one another, measure approximately six inches. The court makes the following rulings on Baker’s motions.
The Chapter 93A Petition for Attorneys Fees
Baker seeks an award of attorneys fees in the amount of $434,728. He has used the lodestar method to calculate that amount, assigning $350 per hour for Attorney Plaut’s time and $175 per hour for his associate, Attorney Groux. The court finds these hourly rates to be reasonable. However, for the reasons set forth below this figure must be substantially reduced.
In his petition, Baker has chosen not to state how many hours each attorney worked, although this in *528 formation could be gleaned from the records attached to the Plaut affidavit, with some hours of work and a calculator. Additionally, because Plaut had agreed to litigate this matter at a fixed fee of $70,000 for his time and $20,000 for Groux, he did not keep contemporaneous time records of his work on this matter, but rather estimated time spent on a daily basis by looking back at the work performed each day. While the court finds that Plaut tried his best to do this in a fair manner, such after the fact estimation does not carry with it the same degree of trustworthiness as contemporaneous time records. The court’s confidence in the time records is also affected by Plaut’s use of so-called “block billing,” that is, describing the type of work performed in a day and the total time spent on that work without assigning separate time values to each separate task.
Additionally, Baker’s chapter 93A claim was added by an amendment to his counterclaim, which was filed on July 7, 2009. By that point, Attorney Plaut had already spent 755.93 hours working on the case. (Groux had not yet begun to work on the case.) At $350 an hour, that represents $264,575.50 in time value. In Tarpey v. Crescent Ridge Dairy, Inc., 47 Mass.App.Ct. 380, 392 (1999), the Appeals Court made it quite clear that attorneys fees based upon a violation of chapter 93A may not be awarded with respect to work performed before that claim was asserted: “While the 93A claim, and the evidence in support thereof, was entirely parallel with the [other] claim . . . , we see no basis upon which the plaintiff may recover attorneys fees in his 93A claim for the period prior to [the date] the 93A claim was added to the case.” Id. In consequence, the court begins its analysis of the fee petition after deducting $264,575.50 from $434,728 which equals $170,152.50 and is the relevant lodestar amount.
Judge Holtz, however, included the $90,000 that Baker paid Plaut and Groux as part of the damages she awarded Baker for his abuse of process claim. Clearly, that portion of the $90,000 attributed to work performed after the 93A claim was asserted must be deducted from the 93A fee petition to prevent a double recovery. Neither party has suggested a means to calculate this. The court will do it proportionally by multiplying $90,000 by a fraction the numerator of which is the post-amendment fees and the denominator of which is the total fees requested. (170,152.50/434,728 = .391; .391 x $90,000 = $35,225.91). $170,152.50-35,225.91 = $134,926.51; that figure represents the lodestar for the legal work performed after the 93A claim was asserted not already included as damages for abuse of process.
Resnick argues that the case was demonstrably overlitigated, pointing to the three motions for sum-maiy judgment that Baker filed and previous Rule 11 motion directed at Resnick’s lawyer, all of which were denied. This court, not having presided over any part of the merits of this case, is poorly positioned to consider that assertion. The court can, however, conclude that both sides took every opportunity to litigate every aspect of this case to the fullest. The court therefore finds, as best it can, that the work Baker’s attorneys performed was necessary to achieve the favorable outcome for Baker. Nonetheless, as noted above, Plaut’s after-the-fact estimation of his time together with the block-billing leaves the court in doubt as to the accuracy of the hours recorded. To account for that, the court will reduce the time value by 10%. Additionally, while Groux’s $175 an hour billing rate is within the range of reasonable rates for an associate attorney with his experience, a review of the time records suggests that much of Groux’s work was administrative in nature. For example, he recorded many hours organizing files, organizing exhibits and taking notes. Indeed, at oral argument on this petition, Plaut acknowledged that although Groux sat through the entire trial, he did not examine a single witness. The court will therefore reduce the lodestar value by 10% to account for this.
Based on the foregoing the court awards $134,926.51 x 80%, or $107,941.20 in additional attorneys fees to Baker as a consequence of the 93A violation found by Judge Holtz.
The Rule 11 Motion
The Rule 11 Motion seeks an award of attorneys fees and costs against Resnick’s attorney, Mark S. Fanger, under Mass.R.Civ.P. 11 and also under G.L.c. 231, §6F. However, under the circumstances presented by this case, §6F costs and fees may only be taxed against litigants, not attorneys. See Waldman v. American Honda Motor Co., 413 Mass. 320, 324 n.10 (1992). Rule 11 provides the means by which an attorney may be charged with fees and costs for asserting claims or defenses as to which a court finds the attorney did not have a subjective good faith belief in their merits. See Van Christo Advertising, Inc. v. MA-COM/LCS, 426, Mass. 410, 416 (1998).
Rule 11 states in relevant part: ‘The signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it, and that it is not interposed for delay.” It is intended to apply to particular pleadings. Id. “Rule 11(a) authorizes a judge to impose attorneys fees and costs where an attorney has failed to show a subjective good faith belief that the pleading was supported in both fact and law.” Id. “The Massachusetts version of rule 11(a) . . . requires a finding that an attorney engaged in a ‘wilful violation’ before sanctions may be imposed.” Phys-Ed Corporation v. Klein, 62 Mass.App.Ct. 110, 113 (2004).
As a starting point, the court does not understand why the Rule 11 Motion was not served and filed at the same time as the 93A fee petition. The issues raised by the Rule 11 Motion appear to be of a piece with the 93A fee petition. As best the court understands *529 Baker’s theory, Fanger violated Rule 11 when he filed the original complaint in this action and, therefore, everything he did thereafter to prosecute Resnick’s claims or defend against Baker’s counterclaims constituted a violation of that rule. Clearly, then a consideration of the 93A fee petition would necessitate a consideration of all the legal work performed by Baker’s counsel. Quite frankly, there is something ironic in an attorney pursuing additional counsel fees under Rule 11 and §6F, by serving sequential motions for additional post-trial relief at the rate of one every two weeks, or so, for a period of two months. And, then filing the Rule 11 motion four months after Judge Holtz issued her opinion — six months after the trial. The untimeliness of the motion, might be grounds enough to deny it. In this case, however, this judge, who presided over no previous part of this case, concludes that the history of this litigation suggests additional reasons that require denial.
Other judges denied three motions for summary judgment on grounds that there were disputed questions of fact in this cases that required a trial. In the end, Judge Holtz found Baker’s testimony credible and discredited Resnick’s, but that is no reason to conclude that Fanger did not have a subjective belief in the merits of the case. Additionally, Baker’s previous motion for Rule 11 sanctions was denied by the judge who ruled on the merits of the underlying pleading that prompted the filing of that Rule 11 motion. Finally, Rule 11 sanctions can be awarded only for an attorney’s “willful violation” of the Rule. By refusing to double or treble 93A damages, Judge Holtz at least signaled that Resnick, and by extension his attorney, had not “willfully” engaged in conduct that violated 93A. See G.L.c. 93A, §11 (“recovery shall be in the amount of actual damages; up to three, but not less than two, times such amount of the court finds that the . . . act or practice was a willful or knowing violation of said section two”).
Baker’s Rule 11 Motion is therefore DENIED.
The 6F Motion
The court denies Baker’s 6F Motion for the same reasons that it has denied the Rule 11 Motion. The court acknowledges that when Baker received Judge Holtz’s Findings of Fact and Rulings of Law, on or about August 4, 2011, he would not have known that Judge Holtz would be retiring in December. Nonetheless, she ordered that the 93A fee petition be served by September 2,2011 and scheduled for hearing in September. Clearly, she would have anticipated any 6F Motion would be addressed at the same time as the fee petition. Instead, Baker decided to serve Resnick with the 6F Motion in November and did not file it until December.
The prompt filing of a 6F Motion is perhaps even more important than the timely filing of a Rule 11 Motion. As the Appeals Court observed in Powell v. Stevens, 92 Mass.App.Ct. 87, 92 n.7 (2007): “[6F] contemplates a separate evidentiary hearing held promptly after the relevant finding, order, verdict, ruling, or judgment, as is inferable from the language of the statute, which, although not requiring the motion to be made within a particular time, does require the judge to state specific facts and reasons on which any finding that the claims were wholly insubstantial, frivolous, and not advance in good faith is based . . . [T]he necessary time for such a hearing procedure comes immediately after the primary event of a verdict, ruling, or order. At that moment, the total circumstances of the case are full and fresh in the mind of the judge. The hearing can proceed efficiently and in continuity with the underlying proceeding. The judge can enter the required findings promptly.” In the present case, this judge would have no way to make the necessary factual findings without retrying much of the case, an undertaking clearly not envisioned under §6F. As with the Rule 11 Motion, reference to prior rulings and Judge Holtz’s decision suggests that the factual basis for finding a violation of §6F is lacking.
There is an additional reason to deny the 6F Motion in this case. §6F directs a court to award to a party against whom such frivolous claims were asserted an amount representing the reasonable counsel fees and other costs and expenses “incurred in defending against such claims.” While there may be occasions in which it is appropriate for a court to use a lodestar method to calculate fees due under §6F, even if they vastly exceed the amount that the prevailing party has actually paid, this does not appear to be such a case. As damages for abuse of process, Judge Holtz awarded Baker not only the fees and expenses that he actually paid his attorneys for representing him, but also $100,000 as the time value of the time that Baker himself devoted to this case, $200,000 for emotional distress, in part because of the “pitch and tone” of the litigation, and $50,000 for harm to his business because the litigation “intruded into his practice of law.” Even if the court were not inclined to deny the 6F Motion on other grounds, the award of additional fees in this case would appear to be redundant.
The Interest Motion
In Judge Holtz’s opinion she awards Baker damages for breach of contract in the amount of $152,853, which she held was the amount of legal fees that would have been due Baker, but that Baker agreed to forego as part of the settlement agreement in which Resnick agreed to forego his right to pursue a legal malpractice claim against Baker. It appears that Judge Holtz concluded that Baker’s right to recover those fees was revived when Resnick breached the settlement agreement by filing the instant action against Baker. In his Interest Motion, Baker argues that he should be entitled to interest on those funds from the date or dates the legal work was performed. The court disagrees. To the extent breach of contract damages apply in this case, the breach occurred when Resnick filed this *530 action thereby breaching the settlement agreement and that is the date from which interest at the statutory rate should accrue.
The 150% Interest Motion
In his 150% Interest Motion, Baker argues that his 6F Motion should be allowed and that under §6F he is then entitled to interest at the rate of 150% of the interest rate set out in G.L.c. 231, §6C, i.e., 18%, on the entire sum awarded him by Judge Holtz. As the court has not found that Resnick’s defenses, setoffs or counterclaims to Baker’s counterclaims were wholly insubstantial, frivolous, and not advanced in good faith, the 150% interest calculation is inapplicable. Moreover, Baker badly misreads this provision of §6F. This additional penalty interest may be awarded only with respect to the “unpaid portion of the monetary claim at issue in such defense, setoff or counterclaim.” Most of the damages awarded Baker were the result of his affirmative claim for abuse of process, not a monetary claim for breach of contract. Moreover, while Judge Holtz awarded breach of contract damages and found a violation of chapter 93A, it is certainly a close question as to whether contract damages of the kind that Judge Holtz awarded were appropriate in this case[1] or chapter 93A applied to the relationship between Baker and Resnick. Certainly, Resnick’s defenses to these claims could never be said to have been wholly insubstantial or frivolous.
ORDER
For the foregoing reasons, Baker’s fee petition is ALLOWED in the amount of $107,941.20, and Baker’s Rule 11 Motion, Rule 6F Motion, Interest Motion and 150% Interest Motion are DENIED. Final judgment shall enter for Baker dismissing all of Resnick’s claims and awarding Baker damages against Resnick in the amount of $602,853 with prejudgment interest accruing at the rate of 12% from the date this action was filed and $107,941.20 in additional attorneys fees under chapter 93A, and costs.

Baker’s position was that the settlement agreement was a fully enforceable contract in which each party gave valuable consideration and that Resnick breached that agreement when he filed a malpractice claim against him. It is certainly arguable that the damages that flowed from that breach were those associated with defending a claim that had been discharged and that the filing of the suit did not revive Resnick’s obligation to pay Baker the fees that he offered in consideration for the discharge of Resnick’s putative claim against him.