## BENJAMIN MELVIN, Junior, *versus* PHINEAS WHITING.

An easement will be acquired in the soil of another by adverse use and enjoyment, where the land descends to an infant heir, if the time of the adverse use and enjoyment during the life of the ancestor, added to that after the heir came of age, (there having been no interruption of the use and enjoyment in the mean time,) amounts to the period of twenty years.

In an action for the disturbance of the plaintiff's several fishery, a plea in a former action against the plaintiff in which he alleged that the fishery was a free fishery, cannot be given in evidence as an admission by him that he had no title to a several fishery.

In an action for disturbance of the plaintiff's several fishery in a river, over the defendant's soil, it was *held*, that the fact of the initials of the name of a former owner of the soil having been engraved long since on a rock in the river on his soil and near his boundary line, without any proof when, by whom or for what purpose they were engraved, was evidence too uncertain to be left to the jury as proof of a claim to the fishery by such former owner of the soil.

The travel of a witness from another State, is to be taxed only from the line of this State, in the ordinary route from his place of residence to the place of holding the court.

ACTION on the case for a disturbance of the plaintiff's several fishery in Merrimac river. Pleas, 1. The general issue ; 2. That the defendant was seised in fee of the close &c., being part of the bed of the river, covered with stone, useful for building, which he had occasion to quarry, and

therefore, he removed the plaintiff's nets and pots as carefully &c. Replication, traversing the defendant's seisin, and tendering an issue thereon, which is joined. At the trial, however, the right of soil was not seriously contested, but the plaintiff relied on his title to a several fishery on the defendant's soil.

The cause was tried before *Shaw* C. J., and after a verdict for the plaintiff, the defendant moved for a new trial, on several grounds.

The motion states, that the defendant offered to show, by the production of the record, that in a former action of trespass *quare clausum*, brought by Whiting against Melvin, for certain alleged trespasses to the same fishery, claimed by Whiting as his fishery, Melvin pleaded, 1. That he, and those whose estate he had &c., were seised of a certain close as of their freehold, and that the fishery was a free fishery appurtenant to the close. 2. That the fishery was a public fishery, in which all the citizens of the commonwealth had a right to fish at their pleasure. 3. That the place where, is a part of Merrimac river, which is a great public river, in which Melvin and all those under whom he claims, have had a right to fish &c. But the motion further states, that Melvin did not, in any of his pleas, claim title to the fishery as a several fishery ; and that the defendant contended, on the trial of the present action, that the pleadings so offered in evidence amounted to confession or admission, by matter of record, that Melvin had not nor claimed to have, any title to a several fishery, but that the evidence was rejected.

In a report made some time after the trial, the chief justice states as his impression, that the record was ruled to be immaterial, having no tendency to prove an admission adverse to Melvin's title to a several fishery, which was not claimed in the pleas, yet that it was subsequently offered and admitted for another purpose, namely, for the purpose of fixing the time when that suit was commenced and terminated, by way of fixing the time at which the controversy about the soil and the fishery commenced.

16 *

Melvin
v.
Whiting.

The plaintiff, in support of his title to a several fishery in the soil of the defendant, relied upon proof of use and enjoyment as evidence of a grant, no deed from the defendant, or any one under whom he holds, being offered. There was evidence tending to show that Melvin, and those under whom he claims, used and enjoyed the right of fishing exclusively and adversely to Andrew Fletcher and his heirs, under whom Whiting claims, for some period in Fletcher's life time; that Fletcher died intestate, leaving seven children and heirs, all minors; that after they came of age their estate, through mesne conveyances, passed to Whiting; and that the plaintiff's exclusive possession remained uninterrupted by any adverse act or claim of the heirs, or of any person claiming under them, until it was interrupted by Whiting.

The jury were instructed, that to raise such presumption of a grant, it must appear that such exclusive right had been used and enjoyed against those who were able in law to assert and enforce their rights, and to resist such adverse claim if not well founded, and therefore, that if the persons against whom such right is claimed, were under the disability of infancy, the time during which such disability continued was to be deducted, in the computation of twenty years and that if the jury found that the adverse possession in the lifetime of Fletcher, added to that which was held after his heirs became of age (there having been no interruption in the mean time), amounted together to the period of twenty years' adverse possession, then they should find for the plaintiff. This instruction, to which the defendant excepted, constituted the second ground of the motion for a new trial.

It was proved at the trial, that the letters A. F. were engraved on the rock where the fishing pot nearest to the shore was set, and the defendant offered to submit this fact to the jury as evidence of claim to the fishery by Andrew Fletcher. There was no evidence at what time or by whom those letters were engraved, but it was proved that they were seen on the rock soon after the death of Fletcher, when his estate was appraised, during the minority of his children. They were within a few feet of the boundary line between Fletcher's lot and the lot next adjoining below. The chief justice con-

sidered, not only that it was uncertain when, by whom and for what purpose they were placed upon the rock, but supposing them placed there by Fletcher as indicative of some claim, it was wholly uncertain whether it was a claim to the fishery, or a claim to the soil, and that it could not be rightfully considered by the jury as evidence of a claim of title to the fishery. This ruling was another ground of the defendant's motion.

*Hoar* and *Stearns* in support of the motion for a new trial, said that the pleas in the former action were admissible as a common written confession of the plaintiff, that he was not entitled to a several fishery ; 2 Stark. Ev. 29 ; and also as a confession by matter of record ; *Dutchess of Kingston's case*, 11 St. Trials, 261; 1 Phil. Ev. (1st Amer. edit.) 223 ; *Outram* v. *Morewood*, 3 East, 346 ; *Strutt* v. *Bovingdon*, 5 Esp. R. 59 ; *Kinnersley* v. *Orpe*, 2 Doug. 517 ; *Alderman* v. *French*, 1 Pick. 1 ; *Vooght* v. *Winch*, 2 Barn. & Ald. 662 ; *Adams* v. *Barnes*, 17 Mass. R. 365 ; *Bird* v. *Randall*, 3 Burr. 1353 ; *Aslin* v. *Parkin*, 2 Burr. 666 ; *Rex* v. *St. Pancras*, Peake's R. 219. A several fishery cannot coëxist with a free fishery. Co. Lit. 122, Hargr. note 181.

They insisted that the disability of the children of Andrew Fletcher during their minority, was an interruption to the plaintiff's adverse enjoyment, and therefore, that the computation of the twenty years must commence from the time when that disability was removed. They admitted, however, that there was no case to this effect in the books. *Sargent* v. *Ballard*, 9 Pick. 251 ; Bract. *lib.* 2, *c.* 23, § 1.

The initials A. F. drilled in the rock were evidence (whether weak or strong, is immaterial) of a claim of some sort, and the question whether they were intended to denote the boundary line of the soil or of the fishery, should have been submitted to the jury. *Commonwealth* v. *Newbury*, 2 Pick. 57 ; *Roberts* v. *Karr*, 1 Campb. 262, note *b*.

*T. Fuller*, contrà, cited, in respect to the alleged interruption in the plaintiff's enjoyment of the easement, *Bailey* v. *Jackson*, 16 Johns. R. 210 ; *Jackson* v. *Pierce*, 10 Johns. R. 417 ; *Dunlop* v. *Ball*, 2 Cranch, 184.

WILDE J. delivered the opinion of the Court. This is an action of trespass on the case for disturbance of a fishery in Merrimac river. After a verdict for the plaintiff, the counsel for the defendant moved for a new trial, on several grounds, and the question is, whether upon the facts reported the plaintiff is entitled to judgment.

The plaintiff claimed title to a several fishery on the soil of the defendant, on the presumption of a non-existing grant, and relied on the proof of an adverse, uninterrupted and exclusive use and enjoyment of the right and privilege claimed, for more than twenty years before the commencement of this action ; and the jury were instructed, that upon satisfactory proof of such use and enjoyment, they were authorized to presume a grant. They were also instructed, that to raise such a presumption, it must appear that such exclusive right had been used and enjoyed against those who were able in law to assert and enforce their rights, and to resist such adverse claim if not well-founded ; and therefore, that if the persons against whom such right is claimed, were under the disability of infancy, the time during which such disability continued was to be deducted in the computation of the twenty years. These instructions are manifestly correct, and it is not denied that the evidence was such as would warrant the jury to find a verdict in pursuance thereof for the plaintiff, provided the use and enjoyment by the plaintiff, and that by those under whom he claims, may be coupled, so as to make up the twenty years, notwithstanding the intervention of the rights of Fletcher's heirs and their disability ; and we have no doubt that they may. If it were otherwise, it would be difficult to maintain the presumption of a grant by any lapse of time and continuance of possession, if death should intervene in every period of twenty years, so that a man and his ancestors might have the uninterrupted use and enjoyment of a privilege or easement for a century, without acquiring any right ; which cannot be maintained. It is admitted that no authority has been found to sanction such a doctrine, and very clearly it cannot be supported on principle.

In regard to the pleadings in a former action between the parties, we are of opinion that they were rightly rejected

if rejected they were; which, however, is left doubtful by the report of the case. In the former action the present plaintiff was defendant and pleaded that the fishery in question was a free fishery appurtenant to his close, and that the same was also a public fishery, in which he, and all those under whom he claims, had a right to fish; but he did not plead that he had a several and exclusive fishery, as he now claims it in the present action. And it has been argued that these pleas are evidence of an admission by the plaintiff, that he had no such several and exclusive right. But it is obvious, that it was not material for the defendant in that action to set up a several and exclusive fishery, and his omitting to plead it as such is no admission that he had no such exclusive right. It is said that a free fishery and a several exclusive fishery are inconsistent, and to be sure in some sense they are so; but a party may avail himself of different titles, in some measure inconsistent, without prejudice, even in the same action; *à fortiori* may he vary the statement of his title in different actions, wherein different questions arise to render such variance material. In trespass, the defendant, under leave to plead double, may plead the general issue and a justification; and in debt on a bond, the defendant may plead *non est factum*, and that the bond is void, having been procured by duress, or that it was delivered as an escrow; and the language in one plea cannot be used to disprove another plea in such cases, as Chief Justice *Mansfield* held in the case of *Harrington* v. *Macmorris*, 5 Taunt. 233; and this is admitted by *Jackson* J. in *Alderman* v. *French*, 1 Pick. 1, in which the rule of evidence in this respect has been supposed to have been pushed to its utmost extent. "The question," he says, "is confined to the case where the defendant directly and explicitly declares and alleges a certain fact, and afterwards in the same cause calls on the plaintiff to prove that fact. It applies not to pleas and averments, which are to a common intent inconsistent, but to such as are directly and in words contradictory to each other." We think, therefore, it is manifest, that the pleas of the plaintiff in the former action ought not to have been received to contradict his claim in

Melvin
v.
Whiting.

this case; especially as it was not necessary for the plaintiff in the present action to set out his title fully in the former case. In trespass the defendant may plead that the soil and freehold in the *locus in quo* is in him, or that he has lawful possession; but such a plea will not preclude him from averring in pleading, or showing in evidence in another action, that he at the same time was actually seised in fee. And such a variance is in no respect to be construed to his prejudice.

The remaining question is whether the evidence as to the initials A. F. ought to have been admitted, and we are of opinion, for the reasons given by the Chief Justice, in the report of the case, that it ought not. The evidence is altogether too uncertain to warrant a jury in drawing any inference from it.

*Judgment according to verdict.*

*Jan. 15th,*
*1833,*
*at Boston.*

A question was made as to the amount of costs to be taxed for the travel of two witnesses who came from other States, on the request of the plaintiff, the clerk having taxed the travel for the whole distance between their respective places of residence and the place of the trial.

*Fuller* referred to *St.* 1795, *c.* 41 (Mass. Laws, edit. 1822, *p.* 481); 2 New York Revised Laws, 642, 643.

*Stearns* cited *Howland* v. *Lenox*, 4 Johns. R. 311; *Newman* v. *Atlas Ins. Co.*, Phillips's Dig. 113.

SHAW C. J. afterwards drew up the opinion of the Court. Several objections have been taken to the taxation of costs for the plaintiff; but on the hearing, all of them have been withdrawn or disposed of, except that made to the allowance of 500 miles' travel to one witness, and 300 to another, they having come from the States of Maine and New Hampshire respectively, on the request of the plaintiff, to testify in this cause. There seems to be no reported decision or settled practice on this point; and the construction of the statute allowing costs in such case, is by no means free from doubt. On consideration of the statute, however, and the practice under it, so far as we can ascertain it, a majority of the Court are of opinion, that travel for the attendance of a witness from another State, ought to be taxed only from the

lme of the State, in the usual and ordinary route, from the witness's place of residence to the place of holding the Court; and the taxation of costs for the plaintiff in this case is to be amended accordingly. In all other respects the taxation of the clerk is confirmed.