Martin J. MULVIHILL, Plaintiff

v.

SPALDING WORLDWIDE SPORTS, INC., et al, Defendants

No. CIV.A. 01–30045–MAP.

United States District Court, D. Massachusetts.

Dec. 18, 2002.

Edward J. McDonough, Jr., Egan, Flanagan & Cohen, PC, Springfield, MA, for Martin J. Mulvihill, Plaintiff.

Jay M. Presser, Skoler, Abbott & Presser, Springfield, MA, Elizabeth A. Sloane, Segal, Roitman & Coleman, Boston, G. Gordon Atcheson, Blake & Uhlig, P.A., Kansas City, KS, for Spalding Sports Worldwide, International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers (AFL–CIO), Local 1851, Defendants.

### MEMORANDUM AND ORDER REGARDING DEFENDANT'S BILL OF COSTS
#### (Docket No. 64)

PONSOR, District Judge.

Plaintiff brought an action for wrongful discharge against Spalding Sports Worldwide, Inc. ("Spalding") and against his union Local for violation of the duty of fair representation under the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.* On October 16, 2002, the court allowed the defendants' Motion for Summary Judgment and directed the clerk to enter judgment for the defendants. The foundation

for the court's ruling was the failure of the record to support plaintiff's claim that he was wrongfully discharged.

Defendant Spalding has now submitted an affidavit in support of its Bill of Costs, seeking an award pursuant to Fed.R.Civ.P. 54(d). The costs include Sheriff's fees, deposition transcripts, photocopying, and the like, totaling $4,825.63.

It is true that the prevailing party is generally entitled to an award of costs. *Am. Auto. Mfrs. Ass'n. v. Comm'r,* 31 F.3d 18, 28 (1st Cir.1994). Nevertheless, Rule 54(d) gives the court discretion to determine whether an award is appropriate. In exercising this discretion, a district court may take into account "the limited financial resources of the plaintiff." *Papas v. Hanlon,* 849 F.2d 702, 704 (1st Cir.1988).

In this case, the court will exercise its discretion and deny Spalding's application for costs, for several reasons.

First, imposition of costs in this case would work a significant hardship on the plaintiff, an individual of modest means who lost his job of many years under questionable circumstances. It is well established in Title VII cases particularly—and there is no reason to treat this case differently—that the court may consider the limited resources of a plaintiff in determining whether to award costs. *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 486 (9th Cir.1983), citing *NOW v. Bank of Cal.,* 680 F.2d 1291, 1294 (9th Cir.1982). Obviously, the financial resources of the defendant in this case vastly exceed the plaintiff's.

In addition, public policy considerations counsel restraint in imposing costs in this situation. Plaintiff had a colorable claim for wrongful discharge and for violation of the National Labor Relations Act and conducted his case in a professional and honorable manner, without unduly escalating costs. It is true that the court ultimately found that the record, even viewed in the light most favorable to the plaintiff, was insufficient to support a claim for wrongful discharge, since the facts reasonably supported a conclusion that the plaintiff had engaged in sexual harassment. Strong authority holds that it is inappropriate for a court to second-guess even a harsh or questionable decision to discharge an employee in these circumstances. Nevertheless, where the issues are fairly disputed, it is important that the plaintiff not be "unduly intimidated" by the threat of imposition of costs in a case raising important issues such as these. *Coulter v. Newmont Gold Co.,* 873 F.Supp. 394, 397 (D.Nev.1994).

In summary, based on the plaintiff's limited means, the substantial impact of the award requested, the disparity of resources between the parties, the colorable quality of the plaintiff's case, the professional manner in which the case was tried and the significant public policy issues concerned, this court will exercise its discretion and DENY defendant's application for Bill of Costs.

It is So Ordered.