Gershengorn, J.
Defendants American Building Restoration Products, Inc. (“ABRP”) and BCB Painting, Inc. (“BCB”) move pursuant to G.L.c. 261, §1 and Mass.R.Civ.P. 54(d) and (e) that the Court assess costs against plaintiffs. Defendant ABRP requests an amount of $12,896.39 and defendant BCB requests an amount of $11,317.670. As a general rule in Massachusetts, a litigant must bear his own expenses except in so far as a statute permits the award of costs, there is a valid contract or stipulation providing costs, or rules concerning damages permit recovery of costs. Broadhurst v. Director of the Division of Employment Security, 373 Mass. 720, 720 (1977) (citations omitted). Massachusetts Rule of Civil Procedure 54(d), provides, in pertinent part, that “[ejxcept when express provision therefor is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs ...” This rule is consistent with G.L.c. 261, §1, which provides that “[i]n civil actions the prevailing party shall recover his costs, except as otherwise provided.” While both the rule and the statute allow courts the discretion to determine if costs should be taxed at all, where such costs are permitted, an award of costs is allowable only when based on “specific affirmative authority.” Demoulas v. Demoulas, 423 Mass. 43, 64 (2000), citing Broadhurst, 373 Mass, at 722.
Massachusetts Rule of Civil Procedure 54(e) sets forth the costs associated with depositions that the prevailing party may recover. General Laws c. 262, §29 sets forth the costs associated with witnesses that the prevailing party may recover. Neither, Mass.R.Civ.P. 54(e) nor G.L.c. 262, §29 expressly authorizes taxation of an attorneys expense of traveling to a deposition; the operator’s cost of playing an audio-visual deposition at trial; the transcription of medical records; Daubert hearing transcripts; a witness or deponent’s hotel expenses; or a party’s cost of traveling to the trial. Accordingly, this Court subtracts the costs listed above from the amounts requested by defendants ABRP and BCB, and awards costs against the plaintiff as required by statute: $8,163.20 to defendant ABRP and $7,484.88 to defendant BCB.[3]

ORDER

It is therefore ORDERED that judgment enter for defendant ABRP in the amount of eight thousand one hundred and sixty-three dollars and twenty cents ($8,163.20), plus interest and costs as provided by law, and seven thousand four hundred and eighty-four dollars and eighty-eight cents ($7,484.88), plus interest and costs as required by law, against plaintiffs John and Barbara Zabilansky.

included in this calculation, this Court has subtracted an amount of $549.00 from the defendant BCB’s requested award, for the deposition of Janice Nixon. The plaintiffs have submitted evidence that they have already reimbursed BCB this amount.