Lemire, James R., J.

Backgrowid

This case arises from claims of product liability and loss of consortium filed by the plaintiffs against Otis Elevator Company arising out of the minor plaintiff, Kevin Lou’s hand injury which occurred at the Changshou Tianyuan Department Store in Changzhou, China on October 18, 1998. The plaintiffs alleged that an escalator on which Kevin Lou was riding was a defective product and that as a result of said defect in the escalator, Kevin Lou was injured. The plaintiffs were seeking damages for the injuries suffered by Kevin Lou and for loss of consortium by his parents.
The case was tried before the undersigned, sitting with jury, on November 5,2007 through December 20, 2007.[1]A verdict in favor of the plaintiffs was returned which awarded Kevin Lou $3,350,000 in compensa *40 tory damages and Beilin Chen and Jidong Lou $250,000 each for loss of consortium. The defendant thereafter filed this motion for taxation of costs which was heard on March 3, 2008.
For the reasons stated below the plaintiffs motion is ALLOWED in Part and DENIED in Part.
When considering the taxation of costs, Massachusetts follows the common-law American rule where litigants are required to bear their own litigation expenses unless “a statute permits awards of costs . . . or... a valid contract or stipulation provides for costs, or rules concerning damages permit recovery of costs.” Waldman v. American Honda Motor Co., 413 Mass. 320, 322 (1992), quoting Broadhurst v. Director of the Div. of Employment Sec., 373 Mass. 720, 721-22 (1977). “Rule 54(d), provides, in pertinent part, that, ‘except when express provision therefor is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .’ This rule is consistent with G.L.c. 261, §1, which provides that ‘in civil actions the prevailing party shall recover his costs, except as otherwise provided.’ ” Demoulas v. Demoulas, 432 Mass. 43, 63 (2000). Further, Mass.R.Civ.P. 54(e), expressly grants the court discretion to tax costs associated with depositions. “Costs incurred in connection with the taking of depositions may be allowed if ‘the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial.’ ” Federico v. Ford Motor Company, 67 Mass.App.Ct. 454, 462 (2006).
The plaintiffs are requesting the court to tax costs of their deposition expenses in the amount of $21,781.69 and has broken down this request into the following categories:[2]
I. Hong Kong Depositions[3]
II. Deposition of Hanmin Wang
III. 30(b)(6) Deposition of Otis Elevator Company and Deposition of Huang Xiaomei and Marsch Mc-Lennan
IV. Deposition transcripts of the deposition of Dr. John Shufflebarger and the Lou Family
V. Videography-editing depositions for use at trial
Defendant’s Objections

Plaintiff’s Counsel’s Airfare to Hong Kong

The defendant objects to the taxation of plaintiffs counsel’s airfare to Hong Kong in the amount of $1,549.26, and cites as support Judge Gershegorn’s decision in Zabilinansky v. American Building Restoration Products, Inc., 2004 Mass.Super.LEXIS 601 (December 27, 2004), where she held “(n)either, Mass.R.Civ.P. 54(e) nor G.L.c. 262, §29 expressly authorizes taxation of an attorneys expense of traveling to a deposition . . .” This court agrees with Judge Gershegom’s reasoning and DENIES plaintiffs request for taxation of the cost of counsel’s airfare in the amount of $1,549.26.

Deposition Costs

Otis objects to the costs of the depositions of Hanmin Wang ($4,395.38), Ni Guoxin ($576.66) and Huang Xin Jia ($363.45). Otis claims that they should not be required to pay the costs associated with these depositions because they were taken at a time before the plaintiff changed their theory of liability and as such Otis claims they did not have the opportunity to cross examine these witnesses regarding plaintiffs ultimate theory of liability.
Deposition testimony from each of these witnesses was presented at the trial. Ni Guoxin was a mechanic for China Otis who worked on the escalator after its installation and before Kevin Lou’s injury. Huang Xin Jia was China Otis’ installation manager. Hanmin Wang’s deposition testimony included information regarding the condition of the escalator, such as the skirt to stop rubbing from the time of installation until the time of the injury to Kevin Lou. He also provided information relating to the entrapment of Kevin Lou’s hand and the efforts to free the child from the escalator. I find that the taking of these depositions was reasonably necessary.[4]
Further pursuant to G.L.c. 261, §23,1 find that the travel cost associated with Hanmin Wang’s deposition is reasonable and will allow his cost of travel from China to the United States in the amount of $736.
There being no objection to the remainder of the plaintiffs request for taxation of costs associated with the taking of depositions and finding that the taking of the depositions was reasonably necessary, those cost shall be ALLOWED.

ORDER

It is therefore ORDERED that the plaintiffs request for taxation of costs associated with the taking of certain depositions is DENIED as to plaintiffs counsel’s airfare in the amount of $1,549.26, and interpreter’s fees in the amount of $2,200 and ALLOWED as to the remainder of the costs in the amount of $18,032.43.

 There were 30 days in which the jury heard evidence during these dates.

 Plaintiffs have supported their request with affidavit and invoices.

 At the hearing Attorney Raphaelson agreed with defense counsel that $2,200 in interpretation costs incurred in taking depositions in Hong Kong should not be taxed.

 Although the defendant does not raise the question of whether the taking of the depositions was reasonably necessary, but presents an equitable argument only, I do find after a review of the submissions and after hearing that the taking of these depositions was reasonably necessary. The installation and maintenance of the escalator in question were issues that both parties thoroughly explored during the trial.