Carlos ANUNCIACAO, et al., Plaintiffs,

v.

**CATERPILLAR JAPAN,
LTD., Defendant.**

Civil Action No. 07–10904–JGD.

United States District Court,
D. Massachusetts.

June 12, 2012.

Richard L. Campbell, John A.K. Grunert, Campbell Campbell Edwards & Conroy PC, Boston, MA, for Caterpillar Japan, Ltd.

Francis J. Lynch, III, Thomas A. Pursley, Lynch & Lynch, South Easton, MA, John M. Sahady, Sahady Associates PC, Fall River, MA, for Carlos Anunciacao.

### MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S REQUEST FOR COSTS

DEIN, United States Magistrate Judge.

### I. INTRODUCTION

On December 12, 2011, after 11 days of trial, the jury returned a verdict in favor of the defendant Caterpillar Japan, Ltd. ("Caterpillar") in this products liability case. In response to Special Questions, the jury found that the defendant was "negligent in designing and manufacturing the Caterpillar 320CU excavator that was involved in Mr. Anunciacao's accident on December 5, 2005" and that it breached the implied warranty of merchantibility at the time of its sale of the excavator

in 2001. (Jury Verdict Form (Docket No. 281) at Question Nos. 1, 7). In connection with both claims, however, the jury also found that Caterpillar's conduct was not "a proximate cause of the accident that occurred on December 5, 2005[.]" (Jury Verdict Form at Question Nos. 2, 8).

This matter is presently before the court on Caterpillar's Bill of Costs pursuant to which Caterpillar is seeking $19,481.26 in costs as the prevailing party. (Docket No. 288). Plaintiffs object and argue that this court should exercise its discretion to deny the award of costs in its entirety. In the alternative, they challenge certain specific costs. In light of the fact that the jury found that Caterpillar was negligent and had breached its warranty of merchantability, the disparity of resources between the parties, and for the other reasons detailed herein, this court concludes that it would be inequitable to award costs in this case. Therefore, this court will exercise its discretion and Caterpillar's application for costs is DENIED.

## II. *DISCUSSION*

In the First Circuit, there is a presumption in favor of awarding costs to the prevailing party pursuant to Fed. Rule Civ. P. 54(d). *See Kuzman v. Hannaford Bros. Co.*, No. CV–04–87–B–W, 2005 WL 1981498, at *1 (D.Me. Aug. 10, 2005) (citing, *inter alia, Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir.1988)). Nevertheless, this court has discretion to deny costs, although it "must offer an explanation for doing so unless the basis for denying costs is 'readily apparent on the face of the record.'" *B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 28 (1st Cir.2008) (quoting *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig.*, 994 F.2d 956, 963 (1st Cir.1993)). In the instant case, several factors compel this court to deny costs under the circumstances presented.

As an initial matter, in this court's view after having presided over the trial, this case was a very close one. The jury concluded that Caterpillar had negligently designed and manufactured the 320CU excavator involved in the accident and breached its warranty of merchantability. As I stated in ruling on the plaintiffs' motion for a new trial, the plaintiffs' theory of the case was that the machine "had an unremedied blind area, which prevented the operator from being able to see objects and persons immediately behind the machine." (Mot. (Docket No. 283) at 1). Thus, as the plaintiffs argued, "[t]he jury's verdict on design defect plainly signal[ed] that it found the blind area to be unreasonably dangerous and that it rejected the defense position that the machine's ability to rotate made it sufficiently safe." (*Id.*). While the jury's conclusion that these design defects were not the proximate cause of the accident was supported by the evidence that there were many people involved whose conduct could have been deemed to have caused the accident, the verdict did not eradicate the finding that Caterpillar had manufactured an unreasonably dangerous product. The "presumption favoring an award of costs to a prevailing party is weaker in cases involving close questions[,]" and "a district court ordinarily does not abuse its discretion by denying court costs to a prevailing party in such a case." *Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 47 (1st Cir.2010) (citing *B. Fernandez & HNOS, Inc.*, 516 F.3d at 28). In view of the jury's conclusion as to liability, I find it appropriate that each side bear its own costs.

In determining whether to award costs, courts also often consider "whether the imposition of full costs would be a severe hardship" and "whether there is a great disparity in the financial resources of the parties." *See Sy v. UPS Gen. Servs. Co.*, No. Civ. 94–1464–FR, 1999 WL 447458, at *2 (D.Or. June 23, 1999), and cases cited. In the instant case, Caterpillar argues that the plaintiffs have not established an inability to pay the requested costs, and points to the fact that the plaintiffs settled with other parties. In addition, Caterpillar challenges the 40% contingent fee agreement plaintiffs allegedly entered into with their original counsel (not trial counsel) on the grounds that the percentage is too high and diverts too much of the settlement away from the plaintiffs. At trial, there was persuasive, unchallenged, testimony that Mrs. Anunciacao was working to

provide income to her family, and that Mr. Anunciacao was unable to work and had suffered, and was continuing to suffer, a great deal of pain and had a continued need for medical intervention. The alleged settlements received from other parties were not in any way excessive in light of the devastating injuries the plaintiff suffered, and, in this court's view, did not fully compensate the plaintiff for his injuries. Nor would it be appropriate for this court to second guess a contingent fee agreement which, while perhaps high, was not outside the realm of agreements this court has reviewed. Presumably the defendant is not asking this court to compare its extensive resources with those of the hardworking plaintiffs who have a family to support. The $19,000 in costs can much more easily be absorbed by the defendant than the plaintiffs. *See Mulvihill v. Spalding Worldwide Sports, Inc.,* 239 F.Supp.2d 121, 122 (D.Mass.2002) (after awarding summary judgment to the defendant, court nevertheless declines to award costs in a Title VII case where the "imposition of costs in this case would work a significant hardship on the plaintiff, an individual of modest means who lost his job of many years under questionable circumstances").

Finally, I have considered whether "the case involved significant public values" and "whether the plaintiff's claims had substantial merit." *Sy,* 1999 WL 447458, at *2. Here, the plaintiffs challenged the design of heavy equipment and prevailed on that issue before the jury. Obviously, safe machinery is of great public concern. Moreover, as noted above, the case was a close one and had merit. "[W]here the issues are fairly disputed, it is important that the plaintiff not be 'unduly intimidated' by the threat of imposition of costs in a case raising important issues such as these." *Mulvihill,* 239 F.Supp.2d at 122 (quoting *Coulter v. Newmont Gold Co.,* 873 F.Supp. 394, 397 (D.Nev. 1994)).

### III. *CONCLUSION*

As the court stated in *Kuzman,* 2005 WL 1981498, at *1, in language applicable here,

"[c]oncluding that the imposition of Rule 54(d) would work a substantial hardship, that there is a great disparity between the financial resources of the parties, that the Plaintiff's case invoked issues of public value and concern, and that [his] case, though unsuccessful, had merit, this Court DENIES the Defendant's Bill of Costs."[1]

---

**1.** To the extent that plaintiffs' objection is considered a motion to deny the bill of costs (*see* Docket No. 289), that motion is allowed.