McIntyre, Francesa., J.
INTRODUCTION
The plaintiff, Donald Thomas Scholz, brought this action against the Boston Herald, Inc., Gayle Fee, and Laura Raposa (together, the “Herald”) for defamation and intentional infliction of emotional distress. Summary judgment was awarded to the Herald, and judgment entered against Donald Scholz on April 1, 2013 [31 Mass. L. Rptr. 315]. The Herald now petitions this Court to recover its deposition costs in the amount of $132,163.89, pursuant to G.L.c. 261, §1 and Mass.R.Civ.P. 54(d)(e).
Because the defendant seeks to recoup costs that are reasonable and necessary, and in order that the expenses of litigation borne by media defendants not induce an unnecessary and undesirable self-censorship, the defendant’s petition for costs is ALLOWED.
FACTUAL BACKGROUND
The Boston Herald, Inc. and its two longtime columnists, Gayle Fee and Laura Raposa, wrote and published three stories in 2007 regarding the suicide of Brad Delp, the lead singer of the band “Boston.” The articles relied on information from Delp’s ex-wife, Micki Delp, and various unnamed “insiders” and “friends.” Scholz, the founder of Boston, brought defamation claims against the defendants for these articles, claiming that the articles insinuated that Scholz caused Delp to commit suicide. The defendants’ Motion for Summary Judgment was ALLOWED because Scholz could not prove that the articles contained false facts rather than opinions, as what motivated Delp’s suicide could never be objectively proven.
During the course of discovery in this case, both parties took close to ninety depositions across nine different states. The costs sought by the Herald include costs for stenographic services, deposition transcripts, fees for service of subpoenas, and court filing fees.
*408 DISCUSSION
Mass.R.Civ.P. 54(e) provides that when taxing costs in the taking of depositions, the taxation “shall be subject to the discretion of the court, but in no event shall costs be allowed unless the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial.” While Massachusetts generally follows the American Rule, that is, that the litigant must bear his own expenses, certain taxable costs may be recoverable as a matter of course by successful litigants. See Linthicum v. Archambault, 379 Mass. 381, 389 (1979); G.L.c. 261, § 1. In order for a court to grant deposition costs, the judge must make an express finding that the depositions were reasonably necessary. Beit v. Probate & Family Court Dept. 385 Mass. 854, 862 (1982). This court is of the view that Rule 54(e) also provides for the recovery of associated costs, such as the videography of a reasonably necessary deposition.
Scholz asserts that none of the deposition transcripts submitted to the Court were necessary for the Court’s decision, and therefore the petition should be denied in its entirety, or alternatively, that the Court should limit its award for costs to only the depositions that the Herald submitted as evidence in support of the arguments advanced in its brief. Scholz argues that because the court decided the motion for summary judgment on grounds entirely separate from the deposition transcripts, the depositions could not have been reasonably necessary.
In this court’s opinion, this is too narrow a view. The Herald could not be expected to anticipate how a court might finally analyze the Rule 56 pleading package. To describe as “reasonably necessary” only those depositions that directly supported the winning argument makes the outcome of a petition for costs entirely accidental. “A litigant will often prudently offer several alternative grounds for decision, not knowing which may succeed and which may fail.” Connors v. Howard Johnson Co., 30 Mass.App.Ct. 603, 607 (1991).
While Scholz asserts that the correct inquiry for a court to make when examining the taxing of costs is whether the costs were necessary to the resolution of the case, the language of Rule 54(e) does not contain any requirement that the underlying depositions must have been grounds for decision. The Rule clearly states, in fact, that the taxed depositions need not be presented to the court nor used at trial. Therefore, the materiality of the depositions to the grounds for the grant of summary judgment does not render the depositions unreasonable or unnecessary. “The judge’s reliance on another ground does not preclude recovery of the costs in question.” Connors at 607.
The Supreme Judicial Court has required that a judge must engage in careful scrutiny of the costs sought by the winning parties. She must articulate her reasons and make any award “thoughtfully and carefully.” Waldman v. American Honda Motor Co., 413 Mass. 320, 328 (1992). In order for depositions to be reasonably necessary under Rule 54(e), they need only be reasonably necessary to the Herald’s defense of the case in general. See C.W. Keller & Associated v. Cullen, 11 Mass. L. Rptr. 504 (Mass.Super. 2000). It is apparent from the summary judgment record before the court that the Herald’s appearances and examinations of witnesses through deposition testimony were reasonably necessary to the defense of the case.
The court will follow the categories of deposition costs set forth by the defendants. They are the costs of defending depositions noticed by plaintiff, those noticed by both plaintiff and defendant, those noticed by the defendant, and finally, fees and costs. [1]
The Herald argues that the costs of defending and transcribing depositions noticed by plaintiff were both reasonable and necessary to their successful defense of the case. As could be anticipated, these were depositions of the defendants and persons associated with Brad Delp. The proposition that these deposition costs were reasonably necessary is patently obvious; the Herald had no choice but to attend and participate in twenty-five depositions called by the plaintiff. This represents a defense cost of $25,411.44.
The Herald next argues that the costs of depositions noticed by both plaintiff and defendants were reasonable and necessary to their successful defense of the case. It is important to recognize that, during discovery, the lawyers on both sides were furiously attempting to learn why Brad Delp committed suicide. For obvious reasons, such could only be reconstructed from circumstantial evidence. Thus, there were thirteen witnesses, each of whom contributed a piece of the puzzle; each deposition was reasonable and necessary to their successful defense of the case. The testimony of each was presented on summary judgment. This represents a defense cost of $37,945.71.
The many subpoenas and deposition notices served by the defendants were necessary to investigate the plaintiff and his far reaching claims of financial, medical, and reputational damage. They produced documents and testimony used by the Herald to support its motion for summary judgment, particularly on Count II. Having examined those pleadings at length, this court is satisfied that these depositions were reasonable and necessary to the Herald’s successful defense of the case. This represents a defense cost of $62,491.04.
The costs of service of process and witness fees are recoverable under Rule 54(e). Many of these witnesses and document holders were out of state and many apparently required service in order to appear. My examination of the identity of these deponents confirms that each was reasonably necessary to the defendant’s investigation of the damages in the case. This represents a defense cost of $4,580.70.
Finally, the filing fees associated with out-of-state witnesses were necessary to secure the evidence pre *409 viously determined to be reasonably necessary. These costs totaled $1,735.00.
The sum total of these five categories amounts to $132,163.89.
There is no requirement that a court must award costs. Rather, the rule provides that “the taxation of costs in the taking of depositions shall be subject to the discretion of the court.” Mass.R.Civ.P. 54(e).
This case raises the concern that the costs associated with extended defamation litigation may impact First Amendment rights by “chilling the free expression of ideas and opinions” by media defendants. King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987). The threat of expensive litigation could put litigious persons of public interest beyond media commentators because of the feared expense. This court favors allowing costs in the instant case in order that the expenses of litigation that occurred here not “induce an unnecessary and undesirable self-censorship.” New YorkTimes v. Sullivan, 376 U.S. 254, 279 (1964).
CONCLUSION AND ORDER
For the foregoing reasons, the defendants’ Petition for Costs is ALLOWED. The plaintiff is ORDERED to pay the defendants $132,163.89. The court declines the Herald’s suggestion that this amount be secured in some fashion.

Nhe court fully credits the affidavit of Mr Lipschutz as to the costs associated with the various depositions.