Fahey, Elizabeth M., J.
*610 BACKGROUND
The plaintiff, Rachel Rochat (“Rochat”), brought the instant discrimination action on June 27, 2007 against L.E.K. Consulting, LLC (“LEK”), asserting that LEK discriminated against her and ultimately terminated her on the basis of her gender. On October 3, 2014, following a two-week trial, a jury rendered a verdict in favor of LEK. LEK now petitions this court to recover a total of $8,159.54 in costs against Rochat pursuant to Mass.R.Civ.P. 54(d) and (e) for depositions, subpoenas, and travel expenses.[1] Specifically, LEK requests recovery of the following expenses:
Deposition Costs:
Transcript ofD. Chittick Deposition — $936.15
Transcript of P. McKelvey Deposition — $732.75
Transcript of T. Henkes Deposition (Day I)— $705.25
Transcript of T. Henkes Deposition (Day II)— $344.75
Transcript of R. Rourke Deposition — $776.50
Transcript of J. Chou Deposition — $860.50
Transcript of R. Rochat Deposition (Day I)— $908.00
Transcript of R. Rochat Deposition (Day II)— $694.50
Transcript of P. Moran Deposition — $793.00
Transcript of D. Maier Deposition — $457.15
Video Production Services for D. Maier Deposition— $65.00
Subpoena Costs:
Subpoena to Next Street Financial, LLC — $36.00
Subpoenas to Rochat’s Employers for Mitigation of Damages Discovery — $207.00
Subpoena to MIT for Expert’s Credentials — $38.00
Travel Costs:
Travel to Philadelphia for Chou Deposition— $135.99
This court held a hearing on the motion on March 23, 2015. After consideration of the materials submitted in support of and in opposition to LEK’s motion for costs, the motion is DENIED.
DISCUSSION
‘The usual rule in Massachusetts is that the litigant must bear his own expenses.” Linthicum v. Archambault, 379 Mass. 381, 389 (1979). “Certain taxable costs, however, are recoverable as a matter of course by successful litigants.” Waldman v. American Honda Motor Co., 413 Mass. 320, 321 (1992), citing G.L.c. 261, §1 (“In civil actions the prevailing party shall recover his costs, except as otherwise provided”); Mass.R.Civ.P. 54(d) (“Except when express provision therefore is made either in a statute of the Commonwealth or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .”). Both G.L.c. 261, §1 and Rule 54(d) require “specific affirmative authority” to award costs, and “vest the court with discretion as to whether costs should be taxed at all.” Demoulas v. Demoulas, 432 Mass. 43, 54 (2000), quoting Broadhurst v. Director of the Div. of Emp’t Sec., 373 Mass. 720, 722 (1977). Here, LEK cites two sources of “specific affirmative authority” in support of its motion for costs — Rule 54(e) for the recovery of its deposition and subpoena costs, and G.L.c. 261, §23 for the recovery of its travel costs.
A. Deposition & Subpoena Costs
Rule 54(e) permits “(t)he taxation of costs in the taking of depositions, including audiovisual depositions . . . subject to the discretion of the court.” This provision is limited, however, in that it requires a court to find that “the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at the trial” as a necessary pretext to such award. ‘There is no requirement that a court must award costs” under this rule, as the determination is left to the sound discretion of the court. See Scholz v. Boston Herald, Inc., 31 Mass. L. Rptr. 407, 2013 Mass.Super. LEXIS 93 at *7 (Mass.Super. 2013).
In exercising such discretion, this court considers factors enumerated in analogous federal law cases regarding the provision of costs to a prevailing party. As the language of Fed.R.Civ.P. 54(d) is substantially identical to Mass.R.Civ.P. 54(d) in that both permit the court to allow costs or “otherwise direct! ],” the Supreme Judicial Court has noted that “the adjudged construction theretofore given to the federal rules is to be given to our rules, absent compelling reasons to the contrary or some significant differences in content.” Waldman, 413 Mass. at 325. Although there is no specific federal counterpart to Rule 54(e), it relates to the same subject matter as the federal and local Rule 54(d) and contains similar discretionary language. It therefore follows that the relevant considerations for this court in exercising discretion under Rule 54(e) should mirror those previously articulated for Rule 54(d) and its federal counterpart.
The First Circuit, in interpreting Fed.R.Civ.P. 54(d), has consistently held that “the discretion that Rule 54(d) portends is solely a negative discretion, ‘a power to decline to tax, as costs, the items enumerated in’ ” the relevant statutes. See In re San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993), quoting Crawford Fitting Co. v. JT Gibbons, Inc., 482 U.S. 437, 442 (1987). As this negative discretion “operates in the long shadow of a background presumption favoring cost recoveiy for prevailing parties,” id., a court “must offer an explanation for [denying costs] unless the basis for [doing so] is ‘readily apparent on the face of the record.’ ” B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008), quoting San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d at 963. This explanation may include any of a *611 number of enumerated factors, including whether the “case was a veiy close one,” see id.; whether “the case involved significant public values [and] whether the plaintiffs claims had substantial merit,” Sy v. United Parcel Serv. Gen. Servs. Co., 1999 U.S. Dist. LEXIS 9862 at *2 (D.Ore. 1999); “whether there is a great disparity in the financial resources of the parties,” id.; and whether the “imposition of costs . . . would work a significant hardship on the plaintiff,” Mulvihill v. Spalding Worldwide Sports, Inc., 239 F.Sup.2d 121, 122 (D.Mass. 2002); among others.
After consideration of the most relevant factors to the instant case, this court concludes that it is appropriate to exercise its discretion to deny LEK’s request for costs.[2] First, as the record and procedural history of this case illustrate, Rochat’s claim was not brought frivolously. Rather, it is undisputed that Rochat brought her discrimination claims against LEK in good faith. Her allegations were serious enough to proceed through litigation over a number of years, surviving a Motion for Summary Judgment and a Motion for Directed Verdict following a two-week jury trial. Cf. Kuzman v. Hannaford Bros. Co., 2005 U.S. Dist. LEXIS 17101 at *4 (2005) (“[The plaintiffs] failure to survive summary judgment does not mean the effort should not have been made”). Although the jury ultimately decided against Rochat, they did not do so quickly or easily. Rather, the jury deliberated for some time and reported a deadlock at one point before eventually coming to their final consensus.
Moreover, Rochat’s underlying claims invoked the “important public interest at stake in prohibiting discrimination.” Pielech v. Massasoit Greyhound, Inc., 441 Mass. 188, 195 (2004); Kuzman, 2005 U.S. Dist. LEXIS 17101, at *4 (a discrimination lawsuit is “an attempt to vindicate important statutory rights”). “[W]here the issues are fairly disputed, it is important that the plaintiff not be unduly intimidated by the threat of imposition of costs in a case raising important issues such as these.” See Mulvihill, 239 F.Sup.2d at 122. Particularly in discrimination cases, the court is mindful of the concern that imposition of costs “will become a deterrent against the assertion of legitimate disputes, . . . and will chill individual litigants of modest means seeking to vindicate their . . . rights.” Braxton v. United Parcel Serv., 148 F.R.D. 527, 529 (E.D.Pa. 1993), internal quotations omitted.
Finally, Rochat has submitted an affidavit describing her financial situation, demonstrating that she is now and for the foreseeable future unable to pay any costs without being penalized by withdrawing funds from her 401(k) or taking out credit loans in addition to those she has already had to take to help finance the litigation. She also owes her own attorney a substantial amount from this case, and has very little income. Rochat must support her family, including a child, and is unsure how she will fund even her day-to-day expenses beyond the next few months. It is clear that imposition of the fees requested here would “work a significant hardship” on Rochat. Mulvihill, 239 F.Sup.2d at 122. By comparison, LEK is a large, global corporation with undisputably greater resources than any one individual. See Kuzman, 2005 U.S. Dist. LEXIS 17101 at *3; Sy, 1999 U.S. Dist. LEXIS 9862 at *2; see also Anunciacao v. Caterpillar Japan, Ltd., 283 F.R.D. 44, 46 (D.Mass. 2012) (“Presumably the defendant is not asking this court to compare its extensive resources with those of the hardworking plaintiffs who have a family to support”). Awarding costs in such an inequitable manner is “instinctively unfair.” Braxton, 148 F.R.D. at 528 (declining to award costs to prevailing “large and wealthy” defendant where plaintiff was individual “of modest means who has pursued a legitimate [discrimination] claim in good faith”).
Consideration of these factors does not, and should not, necessarily mean that “eveiy [c. 15 IB] plaintiff, due to the statutory invocation, is absolved from the presumptive working of Rule 54(d) [and (e)]; however, because Rochat’s claim was meritorious enough to survive summary judgment and a motion for a required finding, because the case involved issues of public significance, ’’because there is a great disparity in the financial resources of the parties, [and] because the case involves issues of public significance," in this case the court finds it “appropriate to exercise its discretion” to deny LEK’s motion for deposition costs.[3] Kuzinan, 2005 U.S. Dist. LEXIS 17101 at *4-5
B. Travel Expenses
LEK also seeks taxation of defense counsel’s airfare to Philadelphia, PA, in order to attend a deposition. However, the cost of an attorney’s travel to a deposition is not taxable. Rule 54(e), which “sets forth the costs associated with depositions that the prevailing party may recover!, does not] expressly authorize! ] taxation of an attorneys [sic] expense of traveling to a deposition.” Zabilansky v. Am. Bldg. Restoration Prods., Inc., 2004 Mass.Super. LEXIS 601 at *2 (Mass.Super. 2004) [18 Mass. L. Rptr. 596]; see also Lou v. Otis Elevator Co., 2008 Mass.Super. LEXIS 147 at *3 (Mass.Super. 2008) [24 Mass. L. Rptr. 39]. Although LEK asserts that G.L.c. 261, §23 permits recovery for travel, that subsection only addresses travel in the context of “recovery of a party’s travel costs” to a courthouse, not to depositions. See Atuna v. Bergollo, 2004 Mass.Super. LEXIS 275 at *5 (Mass.Super. 2004) [18 Mass. L. Rptr. 123]. Accord, Bliss v. Tripp, 82 Mass. 287, 287 (1860); Melvin v. Whiting, 30 Mass. 184, 190 (1832) (noting that travel costs for witnesses at trial were taxable but only within state lines). This court agrees with the reasoning of prior case law concluding that attorneys’ travel costs are not taxable. Lou, 2008 Mass.Super. LEXIS 147 at *3; Zabilansky, 2004 Mass.Super. LEXIS 601 at *2, supra. Under this court’s sound discretion, and as further bolstered by the equitable factors listed above, LEK’s request for *612 the taxation of the cost of counsel’s airfare in the amount of $135.99 shall also be denied.
ORDER
It is therefore ORDERED that LEK’s motion for costs be DENIED.

 In a related filing, LEK moved to strike an exhibit submitted by Rochat in connection with her opposition to the motion for costs. The motion was denied by this court on February 4, 2015, as the allegedly private information contained in the exhibit has already been impounded (Fahey, J.).

 Although not dispositive of the instant motion, this Court also notes that LEK’s argument that it was “reasonably necessary” to obtain the transcript costs of each deposition taken by Rochat is not persuasive.

 Furthermore, G.L.c. 151B, §9, directs a court to award attorneys fees and costs to a prevailing petitioner in a discrimination case only after considering any “special circumstances [which] would render such an award unjust.” Although this subsection “does not preclude an award of costs to a prevailing defendant,” Salili v. Bull HN Info. Sys., Inc., 437 Mass. 696, 707 (2002), to consider what costs are “just” when awarding them to a prevailing petitioner, but not when awarding them to a prevailing defendant, would contravene the protective nature of the entire statute.